# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER PEREZ RAMONES, | ) | |
| | ) | |
| Plaintiff, | ) | 0:19-cv-062949 |
| | ) | |
| v. | ) | |
| | ) | |
| AR RESOURCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, FRANCISCO JAVIER PEREZ RAMONES, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against Defendant, AR RESOURCES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. FRANCISCO JAVIER PEREZ RAMONES, (hereinafter, "Plaintiff") who goes by the name Francisco Perez, is an individual who was at all relevant times residing in the City of Ft. Lauderdale, County of Broward, State of Florida.

1

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6.  AR RESOURCES, INC., (hereinafter, "AR Resources"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

7.  At all relevant times AR Resources was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8.  At all relevant times AR Resources was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

### IV. ALLEGATIONS

9.  EXPERIAN INFORMATION SOLUTIONS, LLC., (hereinafter, "Experian"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

10. At all relevant times Experian was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times Experian was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12. TRANS UNION, LLC., (hereinafter, "Trans Union"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Florida, is a citizen of the state of Florida.

13. At all relevant times Trans Union was a "person" as that term is defined by 15 U.S.C. §1681a(b).

14. At all relevant times Trans Union was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

15. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

16. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

17. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named AR Resources, Inc.

18. Specifically, Plaintiff asserts that he did not incur this debt and that it was incurred by his father. Plaintiff was not legally responsible in any way to pay his father's hospital bills.

19. Despite the foregoing, Experian has disseminated credit reports and/or information that the accounts are his debts and in collections.

20. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

21. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

22. In September of 2019, Plaintiff disputed the inaccurate information with Experian by written communication to its representatives and by following Experian's established procedure for disputing consumer credit information.

23. Plaintiff received a confirmation number from Experian relative to his dispute.

24.     Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Experian, Experian notified AR Resources of Plaintiff's dispute and the nature of the dispute.

25.     Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Experian, AR Resources received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

26.     Upon information and belief, Experian received the results of AR Resources investigation as to Plaintiff's dispute.

27.     Upon information and belief, Experian updated the reporting of the account(s) at issued solely based upon the information it received from AR Resources in response to Plaintiff's dispute.

28.     Plaintiff's credit reports and file have been obtained from Experian and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

29.     At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

30.     Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

31. The inaccurate information of which Plaintiff complains are accounts, or tradelines, named Grassy Waters Impatient Serv.

32. Upon information and belief, the accounts on Plaintiff's credit file entitled Grassy Waters Impatient Serv is actually being furnished by AR Resources, Inc.

33. Specifically, Plaintiff asserts that he did not incur this debt and that it was incurred by his father. Plaintiff was not a legally responsible in any way to pay his father's hospital bills.

34. Despite the foregoing, Trans Union has disseminated credit reports and/or information that the accounts are his debts and in collections.

35. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

36. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

37. In June and August of 2018, and in September and November of 2019, Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information. Plaintiff disputed.

38. Plaintiff received a confirmation number from Trans Union's relative to his dispute.

39. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified ARR of Plaintiff's dispute and the nature of the dispute.

40. Upon information and belief, within five (5) days of Plaintiff of Plaintiff disputing the inaccurate information with Trans Union, ARR received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

41. Upon information and belief, Trans Union received the results of ARR's investigation as to Plaintiff's dispute.

42. Upon information and belief, Trans Union updated the reporting of the account(s) at issued solely based upon the information it received from ARR in response to Plaintiff's dispute.

43. Plaintiff's credit reports and file have been obtained from Trans Union and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

44. At all times pertinent hereto, Trans Union was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Trans Union.

45. AR Resources violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Experian and Trans Union;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Experian and Trans Union;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

46. AR Resources' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, AR Resources is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, FRANCISCO JAVIER PEREZ RAMONES, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against AR RESOURCES, INC. as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Punitive damages;

    d. Plaintiff's attorneys' fees and costs; and,

    e. Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

47. Plaintiff hereby demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,
                                                  **FRANCISCO JAVIER**
                                                  **PEREZ RAMONES**

                                        By:     s/ David M. Marco
                                                      Attorney for Plaintiff

Dated: January 7, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:     (888) 418-1277
E-Mail:        dmarco@smithmarco.com

## CERTIFICATE OF SERVICE

I certify that on January 7, 2021, I electronically filed **Plaintiff's First Amended Complaint** with the Clerk of the Court using the CM/ECF System, which will then send such notification to all counsel of record.

By:    s/ David M. Marco
           Attorney for Plaintiff

Dated: January 7, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com