United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Francisco Javier Perez Ramones, Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 19-62949-Civ-Scola |
| Experian Information Solutions, LLC and others, Defendants. | | |

### Order On Objections to Magistrate Judge Order

This matter is before the Court upon the Defendant's objections to United States Magistrate Judge Lurana S. Snow's order granting the Plaintiff's motion for leave to amend. For reasons stated below, the Court **affirms** the Magistrate Judge's order (ECF No. 82.)

On November 25, 2020, the Court referred the Plaintiff's motion to amend its complaint to Magistrate Judge Snow, to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule 72, and Rule 1(C) of the Local Magistrate Judge Rules. Magistrate Judge Snow granted the Plaintiff's motion on January 7, 2021, and on January 21, 2021, the Defendant timely filed objections to the Magistrate Judge's order.

The Defendant admits in his objections that Magistrate Judge Snow's order "did not dispose of any claim or defense," therefore Rule 72(a) governs the Court's review of the Magistrate Judge's order. The Court agrees with the Defendant that a "clearly erroneous or contrary to law" standard of review is the appropriate standard for the Court to employ in its review of the Magistrate Judge's order. Fed. R. Civ. P. 72(a). A number of courts have said that a ruling can be shown to be clearly erroneous only when it can be concluded that the challenged decision is not "just maybe or probably wrong; it must strike us with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Put another way, a finding is clearly erroneous, when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1351-52 (11th Cir. 2005). An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Barr v. One Touch Direct, LLC*, No. 8:15-cv-2391, 2017 WL 749503, at *2 (M.D. Fla. 2017).

The Defendant raises three objections to the Magistrate Judge's order. First, the Defendant states it was clear error and contrary to law for the

Magistrate Judge to rely on *Genworth Fin. Servs., Inc. v. Lawyers Title Ins. Corp.*, No. 1:05-cv-3057-MHS, 2008 WL 11404241, at *2 (N.D. Ga. May 30, 2008) rather than *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 2005); second the Defendant argues it was clear error and contrary to the law for the Magistrate Judge to conflate new and existing FCRA claims; and finally the Defendant states it was clear error and contrary to the law for the Magistrate Judge to find the Plaintiff had stated good cause, consistent with Federal Rule 16, to amend its complaint.

Turning to the Defendant's first objection, the Court does not find the Defendant met its high burden to argue the Magistrate Judge committed clear error or rendered a decision contrary to the law when the Magistrate Judge relied on *Genworth* rather than *Sosa*. The Magistrate Judge explains in her order that she did not find *Sosa* analogous because in *Sosa* "the facts underlying the amendment had been available to the plaintiff even before the plaintiff originally filed suit." (ECF No. 82, at 5-6.) The Magistrate Judge found that was not so here, and accordingly, the case was more similar to *Genworth* because the "Plaintiff did not obtain the discovery materials which led to the current amendment" until after the deadline to amend pleadings had already passed. (ECF No. 82, at 6-7.) Indeed, the Magistrate Judge notes in her order that neither party disputes this fact. The Court finds that the Magistrate's reliance on *Genworth* was well reasoned and not clearly erroneous or contrary to law.

Second, the Defendant argues that it was contrary to law or clear error for the Magistrate Judge to "conflat[e]. . . new and existing FCRA claims to reach her decision." (ECF No. 91, at 23.) A review of the Magistrate Judge's opinion reveals that she did not, as the Defendant's claim, conflate new and existing FCRA claims. Rather, the Magistrate Judge's report clearly states that she found the "proposed amendment will not change Plaintiff's theory of liability" and will "serve[] the claimed and important purpose of conforming the pleadings to the evidence in the case." (ECF No. 82, at 7.) This finding does not conflate FCRA claims, as the Defendant states.

Finally, the Court turns to the Magistrate Judge's decision that the Plaintiff demonstrated good cause to amend his complaint under Federal Rule 16. Courts "have ample discretion to decide whether a plaintiff has shown good cause" under Federal Rule 16. *United States ex rel. Olhausen v. Arriva Medical, LLC*, No. 19-20190-Civ, 2021 WL 39557, at * (S.D. Fla. Jan. 5, 2021) (Scola, J.). The Defendant has failed to adequately allege that Magistrate Judge Snow's exercise of discretion in finding the Plaintiff plead good cause was contrary to law or clearly erroneous.

For the reasons set forth above, Magistrate Judge Snow's ruling is **affirmed** in its entirety. The Defendant's objections are **overruled**. (**ECF No. 91**.) While the Defendant may disagree with the Magistrate Judge's rulings, the Court does not find any of the rulings in the Magistrate Judge's order to be clearly erroneous or contrary to the law.

**Done and ordered** at Miami, Florida, on January 22, 2021.

_____
Robert N. Scola, Jr.
United States District Judge