# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION

FRANCISCO JAVIER
PEREZ RAMONES,

      Plaintiff,

v.                                  Case No.: 0:19-CV-62949

EXPERIAN INFORMATION
SOLUTIONS, LLC,
TRANS UNION, LLC, and
AR RESOURCES, INC.,

      Defendant.

_____/


**AR Resources, Inc.'s Motion for Summary Judgment**


GOLDEN SCAZ GAGAIN, PLLC
1135 Marbella Plaza Drive
Tampa, Florida 33619


*Attorneys for Defendant AR Resources, Inc.*

# **TABLE OF CONTENTS**

I.      Introduction……………………………………………………………1

II.     Legal Standard…………………………………………………………...1

III.    Argument………………………………………………………………...1

    1. ARR isn't required to make a legal determination whether Perez
      owes the debts………………………………………………………..1

    2. Perez didn't make a dispute with Experian or Trans Union in
      Sept. 2019…………………………………………………………7

    3. ARR undertook a reasonable investigation into each of Perez's
      other disputes based upon the nature of the dispute and
      information available to it……………………………………………..8

        a. The requirement of a reasonable investigation is procedural……….8

        b. What constitutes a "reasonable investigation" varies depending
          on the circumstances of the case, and who's performing the
          investigation…………………………………………………………9

        c. ARR was under no obligation to contact Perez or the original
          creditor………………………………………………………10

        d. Perez hasn't marshalled any evidence that the electronic
          information in ARR's records was unreliable………………………10

        e. Perez's disputes didn't contend the debts belonged to his
          father……………………………………………………………..11

        f. ARR investigations were reasonable………………………….11

    4. Perez can't point to anything ARR could have discovered in its
      records that would have established its reporting to be inaccurate……17

IV.     Conclusion………………………………………………………………...20

## TABLE OF AUTHORITIES

Page(s)

Cases

806 F. App'x 973 (11th Cir. 2020) ...........................................................................4

*Alston v. United Collections Bureau, Inc.*,
   No. DKC 13-0913, 2014 WL 859013 (D. Md. Mar. 4, 2014)...........................8, 10

*Anderson v. EMC Mortg. Corp.*,
   631 F.3d 905 (8th Cir. 2011) ................................................................................7

*Arianas v. LVNV Funding LLC*,
   132 F. Supp. 3d 1322 (M.D. Fla. 2015)...........................................................passim

*Barsky v. Experian Info. Sols., Inc.*,
   No. 4:15-cv-1017-CDP, 2016 WL 4538526 (E.D. Mo. Aug. 30, 2019)...................3

*Bauer v. Target Corp.*,
   2013 WL 12155951 (M.D. Fla. June 19, 2013) ............................................. 3, 10

*Beachley v. PNC Bank, Nat. Ass'n*,
   No. CIV. JKB-10-1774, 2011 WL 3705239 (D. Md. Aug. 22, 2011) .....................8

*Cahlin v. Gen. Motors Acceptance Corp.*,
   936 F.2d 1151 (11th Cir. 1991) ................................................................... 2, 7, 8

*Celestine v. JP Morgan Chase Bank, N.A.*,
   No. 1:17-CV-20915-KMM, 2018 WL 2316665 (S.D. Fla. May 11, 2018) ............15

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).................................................................................................1

*Chiang v. Verizon New England Inc.*,
   595 F.3d 26 (1st Cir. 2010) ..................................................................... 2, 3, 5, 9

*DeAndrade*,
   523 F.3d...................................................................................................... 2, 3, 4, 5

*Deutsch v. Arrow Fin. Servs., LLC*,
   No. 8:08-CV-1469-T-17MAP, 2010 WL 10878520 (M.D. Fla. Mar. 30, 2010).....16

*Felts v. Wells Fargo Bank, N.A.*,
   893 F.3d 1305 (11th Cir. 2018) .........................................................................18

*Ferguson v. Innovate Loan Servicing Corp.*,
   No. 118CV03071ELRLTW, 2020 WL 1467361 (N.D. Ga. Jan. 13, 2020) ...........8

*Gissler v. Pa. Higher Educ. Assistance Agency*,
   No. 16-cv-01673-PAB-MJW, 2017 WL 4297344 (D. Colo. Sept. 28, 2017) ..........8

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1147 (9th Cir.2009) ......................................................................8, 9, 16

*Hinkle v. Midland Credit Mgmt., Inc.*,
   827 F.3d 1295 (11th Cir. 2016) ..........................................................2, 9, 11, 12

*Howard v. Pinnacle Credit Servs., LLC*,
  No. 4:09–CV–85 (CDL), 2010 WL 2600753 (M.D.Ga. June 24, 2010)...............14
*Id.*,
  749 F. App'x 897 (11th Cir. 2018) ...................................................................19
*Id.*,
  770 F. App'x 452 (11th Cir. 2019) .............................................................. 15, 16
*Johnson v. MBNA America Bank, NA*,
  357 F.3d 426 (4th Cir.2004)........................................................................7, 9
*Kovalerchik v. Experian Info. Sols., Inc.*,
  No. CV135419GHKFFMX, 2014 WL 11412673 (C.D. Cal. July 17, 2014)..........8
*Krajewski v. Am. Honda Fin. Corp.*,
  557 F.Supp.2d 596 (E.D. Pa. 2008)...............................................................8, 9
*Leones v. Rushmore Loan Mgmt. Servs., LLC*,
  2017 WL 6343622 (S.D. Fla. Dec. 11, 2017)...................................................3, 4
*Miller v. Mortg.*, No. 611CV1337ORL22DAB,
  2013 WL 12091325 (M.D. Fla. Apr. 10, 2013)...................................................7
*Padgett v. Clarity Servs., Inc.*,
  No. 8:18-CV-1918-T-30CPT, 2018 WL 6628274 (M.D. Fla. Dec. 13, 2018) ......2, 3
*Peasley v. Verizon Wireless (VAW) LLC*,
  364 F.Supp.2d 1198 (S.D.Cal.2005)..................................................................7
*Pembroke v. Trans Union, LLC*,
  No. 16-CV-03194-CMA-STV, 2017 WL 6463254 (D. Colo. Dec. 19, 2017)..........3
*Personius v. Specialized Loan Servicing LLC*,
  No. 216CV01902SVWFFM, 2017 WL 6942649 (C.D. Cal. Nov. 22, 2017) .........8
*Rambarran v. Bank of Am., N.A.*,
  609 F. Supp. 2d 1253 (S.D. Fla. 2009) ...............................................................7
*Schuh v. Am. Express Bank, FSB*,
  No. 17-24345-CIV, 2018 WL 3751467 (S.D. Fla. May 3, 2018)....................2, 3, 4
*Schuh v. Am. Express Bank, FSB*,
  No. 17-24345-CIV, 2018 WL 3730897 (S.D. Fla. May 3, 2018)............................3
*Smith v. Specialized Loan Servicing, LLC*,
  No. 117CV02940LMMRGV, 2018 WL 4856039 (N.D. Ga. July 19, 2018) .........10
*Sobenes v. TransUnion Data Sols.*, No. 19-CV-7114,
  2021 WL 214640 (N.D. Ill. Jan. 21, 2021) ...................................................5, 6, 7
*Stafford v. Cross Country Bank*,
  262 F.Supp.2d 776 (W.D.Ky.2003) ...............................................................7, 8
*Steffenson v. Scana Energy Mktg., Inc.*,
  No. 1:07-CV-01946-GET, 2009 WL 10712181 (N.D. Ga. Jan. 14, 2009)............10
*Stewart v. Equifax., LLC*,
  320 F. Supp. 3d 1186 (D. Kan. 2018)................................................................8
*Stroud v. Bank of Am.*,
  886 F.Supp.2d 1308 (S.D.Fla.2012)..........................................................passim

*Taylor v. Georgia Power Co.*,
    697 F. App'x 630 (11th Cir. 2017) ....................................................................... 15
*Westra v. Credit Control of Pinellas*,
    409 F.3d 825 (7th Cir.2005) ................................................................. 10, 14, 16

Rules
Fed. R. Civ. P. 56 ....................................................................................................... 1
Rule 56(c)(1)(B) ......................................................................................................... 1

Regulations
45 CFR 160, 162, and 164 ....................................................................................... 17

## I.      Introduction

More than once, Perez disputed ARR's credit reporting of the Grassy Water accounts as "not his". He now posits that ARR failed to undertake a reasonable investigation into those disputes. But his claims fail for a myriad of reasons, most notably of which are: 1) the FCRA doesn't require a furnisher make a legal determination as to whether a consumer owes a debt or not; and 2) ARR conducted a reasonable investigation based on the nature of disputes and the information available to it.

## II.      Legal Standard

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Rule 56(c)(1)(B) offers that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[2] The "nonmoving party must 'go beyond the pleadings and by [her] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'"[3]

## III.      Argument

### 1. ARR wasn't required to resolve whether Perez legally owed the debts.

Perez didn't dispute factual inaccuracies concerning ARR's credit reporting of him and the Grassy Waters debts. He contended the debts weren't his and that he wasn't "*legally*

---

[1] Fed. R. Civ. P. 56.
[2] *Id.*
[3] *Id.* at *7 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986)).

*responsible in any way*."[4] And by disputing ARR's credit reporting in that manner, he failed to avail himself to the protections of the FCRA as "[w]here a consumer merely asserts a legal challenge to the validity of an existing debt, the plaintiff has failed to demonstrate a *factual* inaccuracy in the CRA's report of that debt."[5]

To be sure, the FCRA doesn't require a furnisher—like ARR—to make a legal determination as to whether a consumer—like Perez—does or doesn't owe a debt. The FCRA only requires a furnisher—ARR—to reasonably investigate and determine whether it made factual inaccuracies in its reporting to a credit reporting agency ("CRA"). Perez's disputes—the debts aren't mine—aren't factual disputes; rather, they require ARR to make a legal determination as to the status of debts. But that's not a duty imposed by the FCRA upon any furnisher, especially a down-the-line third-party debt collector, like ARR.

The FCRA—§1681s-2(b)—requires a furnisher, upon receipt of a notice of factual dispute from a CRA, to conduct an investigation as to the disputed information, review all relevant information provided by the CRA to it, and promptly modify as appropriate any item of information found to be inaccurate or incomplete.[6] The question then becomes what exactly is required of furnisher, like ARR, to conduct such a reasonable investigation?

Albeit not yet squarely addressed by the Eleventh Circuit, this court, as well as other district and circuit courts, have held that a furnisher's duties are limited to verifying the accuracy and completeness of *fact* disputes, rather than resolving disputed legal questions.[7]

---

[4] *See,* Doc. 83 at ¶ 18.
[5] *See, Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3751467, at *3 (S.D. Fla. May 3, 2018), <u>report and recommendation adopted,</u> No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018), <u>aff'd,</u> 806 F. App'x 973 (11th Cir. 2020) citing *DeAndrade*, 523 F.3d at 68; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("[A] plaintiff's required showing is [a] factual inaccuracy, rather than the existence of disputed legal questions").
[6] § 1681s-2(b)(1)(A), (C), (E); *see Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016).
[7] *Padgett v. Clarity Servs., Inc.*, No. 8:18-CV-1918-T-30CPT, 2018 WL 6628274, at *3 (M.D. Fla. Dec. 13, 2018) (Although the Eleventh Circuit has not directly addressed this issue, multiple circuit courts have held that the

The FCRA doesn't require a furnisher, like ARR, to make a legal determination whether a consumer owes a debt; rather a plaintiff, like Perez, must establish "actual inaccuracies that [an] objectively reasonable investigation would have been able to discover."[8]

Here, Perez disputed ARR's credit reporting of the Grassy Waters debts with Experian and Trans Unions several times. Each time, he contended that the account "was not his."[9] And in his pending Complaint, he posit he's "not legally responsible" for the debts, essentially arguing that since ARR didn't find he didn't owe the debt, and delete its reporting, it performed an improper investigation. But that's not what the FCRA requires.[10]

A plaintiff, like Perez, cannot prevail on an FCRA claim against a furnisher, like ARR, "based on an unreasonable investigation of disputed data without a showing that the disputed information was, in fact, inaccurate."[11] Where a consumer merely asserts a legal

---

FCRA does not require a CRA like Clarity to adjudicate disputed debts.); *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 38 (1st Cir. 2010); *cf. Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (observing that an FCRA claim for failure to investigate "is properly raised when a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts"); *Leones v. Rushmore Loan Mgmt. Servs., LLC*, 2017 WL 6343622, at *3 (S.D. Fla. Dec. 11, 2017) ("Plaintiff has alleged at best a legal defense to the debt, not a factual inaccuracy in Rushmore's reporting. This is an insufficient basis for her asserted FCRA claims against a furnisher under § 1681s-2(b).") (citing *Bauer v. Target Corp.*, 2013 WL 12155951, at *13 (M.D. Fla. June 19, 2013) ("[A] furnisher's duty to investigate extends to *factual* inaccuracies, not legal disputes"); *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) (holding that, to prevail in a suit against a furnisher, plaintiff has the burden to prove a "factual inaccuracy, rather than the existence of disputed legal questions" to prove liability under § 1681s-2(b) for a failure to report an inaccuracy); *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3730897, at *2 (S.D. Fla. May 3, 2018), <u>report and recommendation adopted</u>, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018), <u>aff'd</u>, 806 F. App'x 973 (11th Cir. 2020).

[8] *Chiang v. Verizon New Eng., Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)

[9] *See,* Doc. 83 at ¶ 18.

[10] *Schuh v. Am. Express Bank, FSB*, No. 17-24345-CIV, 2018 WL 3751467, at *3 (S.D. Fla. May 3, 2018), <u>report and recommendation adopted</u>, No. 17-CV-24345, 2018 WL 3730226 (S.D. Fla. May 31, 2018), <u>aff'd</u>, 806 F. App'x 973 (11th Cir. 2020) (Where a consumer merely asserts a legal challenge to the validity of an existing debt, the plaintiff has failed to demonstrate a *factual* inaccuracy.); *Padgett*, 2018 WL 6628274 ("Where a consumer merely asserts a legal challenge to the validity of an existing debt, he has failed to demonstrate a factual inaccuracy in the [furnisher's] report of that debt." *Barsky v. Experian Info. Sols., Inc.*, No. 4:15-cv-1017-CDP, 2016 WL 4538526, at *2 (E.D. Mo. Aug. 30, 2019) (citing *DeAndrade*, 523 F.3d at 68); *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) ("a plaintiff's required showing is factual inaccuracy, rather than the existence of disputed legal questions"); *Pembroke v. Trans Union, LLC*, No. 16-CV-03194-CMA-STV, 2017 WL 6463254, at *6 (D. Colo. Dec. 19, 2017) (dismissing with prejudice FCRA claims that collaterally attacked the validity of the underlying debt).

[11] *Chiang*, 595 F.3d 26 at 38 (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008)).

challenge to the validity of an existing debt—i.e. "I don't owe the debt"—the consumer has failed to demonstrate a *factual* inaccuracy in the reporting of that debt.[12] And where the inaccuracies alleged are at best a legal defense to the debt, not a factual inaccuracy in a defendant's reporting, such cannot form the basis of a FCRA claim.[13]

In *Schuh v. Am. Express*, this court faced a similar situation where the parties disagreed whether the plaintiff's FCRA dispute—that the debt was extinguished by a state court dismissal—constituted a factual or legal dispute.[14] In relying on *DeAndrade* and *Chiang,* this court determined the dispute didn't form a basis for a FCRA violation because:

> Even if we accept as true Plaintiff's position that the underlying debt is unenforceable because of the state court Dismissal Order, she has still failed to state a FCRA claim because "CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA." In other words, Plaintiff's allegations of Defendants reporting factually inaccurate information is only true if Plaintiff is correct on the *legality* of the Dismissal Order extinguishing the underlying debt.[15]

And the Eleventh Circuit, in an unpublished opinion, affirmed.[16]

The facts in *DeAndrade v. Trans Union* are also similar to those here. There, the plaintiff filed an FCRA claim against the creditor and the CRA claiming they failed to reasonably investigate and delete the disputed debt on his credit report.[17] DeAndrade disputed the debt as "not his/hers."[18] The CRA forwarded the dispute to the creditor, who confirmed the demographic information on the account and indicated the account was

---

[12] *Schuh*, 2018 WL 3751467, aff'd, 806 F. App'x 973 (11th Cir. 2020).
[13] *Id.* citing *Leones v. Rushmore Loan Mgmt. Servs., LLC,* No. 0:17-CV-61216-WPD, 2017 WL 6343622, at *1 (S.D. Fla. Dec. 11, 2017), aff'd, 749 F. App'x 897 (11th Cir. 2018).
[14] *See*, *Schuh*, 2018 WL 3751467, at *3, report and recommendation adopted, 2018 WL 3730226 (S.D. Fla. May 31, 2018), aff'd, 806 F. App'x 973 (11th Cir. 2020).
[15] *Id.* (internal citations omitted).
[16] *Schuh v. Am. Express Bank, FSB*, 806 F. App'x 973 (11th Cir. 2020).
[17] *Id.*, 523 F.3d at 63.
[18] *Id.*

due.[19] The CRA sought summary judgment claiming "the suit was an impermissible collateral attack on the validity of the [debt] through the FCRA."[20] The district court granted summary judgment ruling "inaccuracy is a necessary element of an FCRA claim."[21]

On appeal, the First Circuit affirmed the decision, stating:

> The information reported by Trans Union was accurate not because DeAndrade had ratified the loan (although that may also be true), but because it did not state any factual deficiency that could have been resolved by a reasonable reinvestigation conducted by the credit bureau. KeyBank did in fact have documentation granting it a mortgage on the residence of one DeAndrade who was in fact the same DeAndrade that had been making the loan payments and is the plaintiff in this case. Determining whether DeAndrade was entitled to stop making those payments is a question for a court to resolve in a suit against KeyBank…not a job imposed upon consumer reporting agencies by the FCRA. If a court had ruled the mortgage invalid and Trans Union had continued to report it as a valid debt, then DeAndrade would have grounds for a potential FCRA claim. In essence, DeAndrade has crossed the line between alleging a factual deficiency that Trans Union was obliged to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency.[22]

*Chiang* is another parallel case and supportive of ARR's position here. There, plaintiff disputed a debt that was being credit reported by a collection agency and filed an FCRA lawsuit asserting a reasonable investigation wasn't performed.[23] The district court granted summary judgment, and plaintiff appealed. On appeal the First Circuit affirmed holding, *inter alia*, Chiang failed to demonstrate "there were actual inaccuracies that defendant could have detected in a reasonable investigation."[24]

---

[19] *Id.*
[20] *Id.*, 523 F.3d at 64
[21] *Id.*, 523 F.3d at 65.
[22] *Id.*, 523 F.3d at 68.
[23] *Id.*, 595 F.3d at 29.
[24] *Id.*, 595 F.3d at 30.

*Sobenes v. TransUnion* aids ARR argument as well.[25] There, a plaintiff framed her claim as disputing ownership of the debt, and not its validity. The court didn't buy her argument. It determined that the "ownership of the debt, even if in dispute..., does not give rise to a factual inaccuracy; rather, this is a defense to the debt, which must be resolved in a lawsuit."[26] The court articulated that plaintiff lacked "a formal adjudication voiding her debt," no court "determined her [] debt to be invalid," and thus an investigation "would not uncover any inaccuracy in her credit report."[27]

Here, Perez can't prove any "factual inaccuracies" in ARR's credit reporting in response to the ADCV.[28] Instead, he is left to erroneously claim any investigation by ARR that did not accept his threadbare allegations—the debt wasn't legally his—as accurate was *per se* unreasonable. But the FCRA didn't and doesn't require ARR to determine whether Perez legally owed the debts. In fact, whether he owes the debts is not relevant to his FCRA claims against ARR—the debt collector to whom the creditor referred the debt. ARR has no firsthand knowledge whether Perez owes the debt to Grassy Waters and is neither qualified, nor obligated under the FCRA, to determine so.

The only fact relevant inquiry is, as evidenced by the credit report, whether ARR accurately reported that "Grassy Waters" alleged Perez owed the debts. The information reported by ARR regarding the Grassy Waters debts were accurate not because Perez owed the money, but because there was no factual deficiency that could have been resolved by a reasonable investigation as Grassy Waters asserted Perez owes the money and provided

---

[25] *Sobenes v. TransUnion Data Sols.*, No. 19-CV-7114, 2021 WL 214640, at *3 (N.D. Ill. Jan. 21, 2021)
[26] *Id.*
[27] *Id.*
[28] As indicated above, the name, address, and SSN were confirmed accurate by ARR, as they matched in information provided by Plaintiff on his ACDV. He doesn't claim this information was inaccurate.

information to ARR tell it so.

In short, Perez's allegations of ARR reporting factually inaccurate information are only true if Perez is correct on the *legality* that he doesn't owe the underlying debts.[29]As such, Perez is attempting to collaterally attack the debt(s) by bringing an FCRA claim against ARR alleging the debts aren't legally his. That's improper. And ARR is entitled to summary judgment for this reason alone.

### 2.  Perez didn't make a dispute with Experian or Trans Union in Sept. 2019.

Under the FCRA, a furnisher's duty to undertake an investigation into a consumer's dispute is *only* triggered upon being notified of a dispute by a CRA directly.[30] Perez contends that he disputed the credit reporting with Experian and Trans Union in September 2019,[31]and that within 5 days of said dispute, the CRAs notified it of the dispute.[32] Perez's claims are erroneous and fail to form any basis for a FCRA claim against ARR.

While Perez alleges in his Amended Complaint that he disputed ARR's credit

---

[29] *Id.* (internal citations omitted).

[30] *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1255 (S.D. Fla. 2009); *Johnson v. MBNA America Bank, NA,* 357 F.3d 426, 431 (4th Cir.2004) (citing *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1160 (11th Cir.1991), which interpreted an analogous statute to require "reasonable investigation" by creditors); *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905 (8th Cir. 2011) (The duties under the FCRA of a furnisher of credit information to conduct an investigation with respect to the disputed information are triggered by notice that its information is being disputed from a credit reporting agency (CRA), not from the consumer.); *Miller v. Mortg.*, No. 611CV1337ORL22DAB, 2013 WL 12091325, at *16 (M.D. Fla. Apr. 10, 2013), adhered to on reconsideration sub nom. *Miller v. Nationstar Mortg.,* No. 611CV1337ORL22DAB, 2013 WL 12158133 (M.D. Fla. May 29, 2013), and aff'd sub nom. *Miller v. Nationalstar Mortg.*, 562 F. App'x 929 (11th Cir. 2014) (to trigger Defendant's duty to reinvestigate the accuracy and completeness of information it furnished to a consumer reporting agency, a consumer reporting agency must first give the furnisher notice that a consumer has contacted the credit reporting agency to challenge the accuracy and completeness of the information.);*Peasley v. Verizon Wireless (VAW) LLC,* 364 F.Supp.2d 1198, 1200 (S.D.Cal.2005) ("Courts have consistently held that for the duty imposed by § 1681s–2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776, 784 (W.D.Ky.2003) ("[A] furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency. Under the statutory language, notification from a consumer is not enough.").

[31] *See,* Doc. 83 at ¶¶ 22 & 37.

[32] *Id.* at ¶¶ 24-26 & 38-40.

reporting of his accounts in September of 2019 and that ARR received notice(s) of those disputes, ARR didn't receive any notices of disputes in September 2019.[33] As ARR never received any "notice of dispute" from Trans Union or Experian in September 2019,[34] no obligation was trigged to conduct any investigation under the FCRA.[35] For this reason, Perez's FCRA claim(s)—with respect to the September 2019 disputes—fail.

3. **ARR undertook a reasonable investigation into each of Perez's other disputes based upon the nature of the dispute and information available to it.**

a. **The requirement of a reasonable investigation is procedural.**

If a furnisher receives notice of a dispute from a CRA, it is required to conduct "a reasonable investigation of [its] *records* to determine whether the disputed information can be verified."[36] The requirement, under FCRA, that furnishers of information to credit reporting agencies conduct a reasonable investigation, is procedural, and an investigation is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.[37]

Also, "the FCRA does not require perfection, only a reasonable response."[38] And "[w]hether a reinvestigation conducted by a furnisher in response to a consumer's notice of

---

[33] *See,* Exhibit "1"—Declaration of ARR at ¶¶ 44-50.

[34] *Id.*

[35] *Id.*

[36] *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1160 (11th Cir.1991). (emphasis added).

[37] *Arianas v. LVNV Funding LLC,* 132 F. Supp. 3d 1322 (M.D. Fla. 2015); *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1155 (9th Cir.2009); *Stewart v. Equifax., LLC,* 320 F. Supp. 3d 1186, 1205 (D. Kan. 2018); *Gissler v. Pa. Higher Educ. Assistance Agency*, No. 16-cv-01673-PAB-MJW, 2017 WL 4297344, at *3 (D. Colo. Sept. 28, 2017); *Personius v. Specialized Loan Servicing LLC*, No. 216CV01902SVWFFM, 2017 WL 6942649, at *4 (C.D. Cal. Nov. 22, 2017); *Kovalerchik v. Experian Info. Sols., Inc.,* No. CV135419GHKFFMX, 2014 WL 11412673, at *4 (C.D. Cal. July 17, 2014).

[38] *Alston v. United Collections Bureau, Inc.*, No. DKC 13-0913, 2014 WL 859013, at *8 (D. Md. Mar. 4, 2014); *Beachley v. PNC Bank, Nat. Ass'n*, No. CIV. JKB-10-1774, 2011 WL 3705239, at *3 (D. Md. Aug. 22, 2011); *Ferguson v. Innovate Loan Servicing Corp.,* No. 118CV03071ELRLTW, 2020 WL 1467361, at *6 (N.D. Ga. Jan. 13, 2020), report and recommendation adopted, No. 1:18-CV-03071-ELR, 2020 WL 1467254 (N.D. Ga. Feb. 4, 2020).

dispute is reasonable … depends in large part on … the allegations provided to the furnisher by the credit reporting agency."[39]

Here, as will be extrapolated below, each time Perez disputed the Grassy Waters accounts with the CRA he posited that the accounts weren't his—that he wasn't legally obligated to pay them. Upon receipt of those notice of disputes, ARR reviewed the information that was provided via the disputes, and compared it with the information that it had in its internal records.[40] ARR noted the similarities and differences between the information it reported, and the information Perez provided to the CRAs.[41] And it ultimately verified its reporting as the SSN that Perez provided to the CRAs matched that in ARR's records and no other factual inaccuracies were uncovered in ARR's records as well.[42]

> **b.  What constitutes a "reasonable investigation" varies depending on the circumstances of the case, and who's performing the investigation.**

The Eleventh Circuit has emphasized: what constitutes a "reasonable investigation" will vary depending on the circumstances of the case and whether the investigation is being conducted by a *CRA* under § 1681i(a), or a _furnisher_ of information under § 1681s–2(b).[43] It instructed that whether a furnisher's investigation is reasonable will depend in part on the status of the furnisher—as an original creditor, a collection agency collecting on behalf of the original creditor, a debt buyer, or a down-the-line buyer—and on the quality of

---

[39] *Gorman*, 584 F.3d at 1160 (quoting *Krajewski v. Am. Honda Fin. Corp.*, 557 F.Supp.2d 596, 610 (E.D. Pa. 2008)

[40] *See,* Declaration of ARR at ¶

[41] *Id.* at ¶

[42] *Id.* at ¶

[43] *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016) citing *Chiang*, 595 F.3d at 38 ("[W]hat is a reasonable investigation by a furnisher may vary depending on the circumstances."); *Gorman*, 584 F.3d at 1160 ("[T]he reasonableness of an investigation depends on the facts of the particular case ….").

documentation available to the furnisher.[44] Here, ARR is a down-the-line debt collector. As

such, it was only required to review and investigate the information it had in its possession

which had been provided to it by the original creditor.

### c.   ARR was under no obligation to contact Perez or the original creditor.

It's assumed Perez will contend that ARR's investigation was unreasonable as it

failed to contact either him or the original creditor after receipt of one or more of his

disputes. But contrary to what Perez wishes, ARR was *not* required to contact him or even

the original creditor upon receipt any of his dispute(s). Courts have deemed such to be

terribly inefficient and ***not mandated by the FCRA***.[45] And the mere fact that it didn't contact

Perez or the original creditor, doesn't make its investigation unreasonable.

### d.   Perez hasn't marshalled any evidence that the electronic information in ARR's records was unreliable.

Perez can't, and hasn't, mustered any evidence that the electronic information in

---

[44] *Id.,* ciing *Johnson*, 357 F.3d at 431 (reasoning that a jury could find a § 1681s–2(b) violation where the original creditor ended its investigation before "consult[ing] underlying documents such as account applications").

[45] *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1327 (M.D. Fla. 2015); *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir.2005) ("requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action is not mandated by the FCRA. As such, the fact that [the furnisher] did not contact [the plaintiff] does not make their investigation unreasonable."): *Steffenson v. Scana Energy Mktg., Inc.,* No. 1:07-CV-01946-GET, 2009 WL 10712181, at *2 (N.D. Ga. Jan. 14, 2009) (requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action is not mandated by the FCRA. As such, the fact that [the furnisher] did not contact [the consumer] does not make their investigation unreasonable.); *Bauer v. Target Corp.,* Case No. 8:12-cv-00978-AEP, 2013 WL 12155951, at *5 (M.D. Fla. June 19, 2013) (citation omitted) ("A furnisher is not required to contact the consumer directly as part of its investigation under the FCRA."). *Smith v. Specialized Loan Servicing, LLC*, No. 117CV02940LMMRGV, 2018 WL 4856039, at *9 (N.D. Ga. July 19, 2018), <u>report and recommendation adopted,</u> No. 1:17-CV-2940-LMM-RGV, 2018 WL 4850229 (N.D. Ga. Sept. 17, 2018) (§ 1681s-2(b) does not require a furnisher of credit information such as SLS to contact the consumer directly or to validate the account, but only to conduct a reasonable investigation of the dispute and report those findings to the CRAs.) *Westra,* 409 F.3d at 827 (FCRA does not mandate
the creditor automatically contact the creditor in every investigation); *Alston v. United Collections Bureau, Inc.*, No. CIV.A. DKC 13-0913, 2014 WL 859013, at *9 (D. Md. Mar. 4, 2014) (The FCRA does not impose upon furnishers a duty to contact creditors for verification every time a consumer reporting agency forwards a dispute.)

ARR's records was unreliable. His unsupported assertion that he paid the debt, without any documentary support, doesn't cast doubt on ARR's reasonableness in relying on and reporting the information in its electronic records.[46] Simply put, Perez doesn't have any evidence to demonstrate the unreliability of ARR's records, and as such his claims fail.

### e. Perez's disputes didn't contend the debts belonged to his father.

Perez contends that he disputed the Grassy Waters accounts with the CRAs indicating the accounts weren't his as they belonged to his father.[47] Yet, he **never** disputed the debts that way. The following are the only disputes ARR received concerning Perez:

- **In June 2018**, Perez disputed ARR's reporting with Trans Union only indicating the accounts were "Not his/hers. Provide or confirm complete ID." And further commented: "Have no idea what this expenses come from I have been sick in my life."[48]
- **In Aug. 2018**, Perez disputed ARR's reporting with Trans Union only indicating the accounts were "Not his/hers. Provide or confirm complete ID." He provided no further comment.[49]
- **In Oct. 2019**, Perez disputed ARR's reporting with Experian only indicating the accounts were "Not his/hers. Provide or confirm complete ID." And further commented: "Belongs to another individual with same/similar name."[50]
- **In Nov. 2019**, Perez disputed ARR's reporting with Experian only indicating the accounts were "Not his/hers. Provide or confirm complete ID."[51]

### f. ARR investigations were reasonable.

§1681s–2(b) presents furnishers a choice regarding how they handle disputes.[52] First

---

[46] *See Stroud v. Bank of Am.,* 886 F.Supp.2d 1308, 1314 (S.D.Fla.2012) (granting summary judgment on FCRA claim against furnisher because "[plaintiff] has failed to provide any *evidence,* as opposed to merely his own allegations or hunches or theories, that the investigation was unreasonable or that [the furnisher] reported any inaccurate information."); *see also, Arianas v. LVNV Funding LLC,* 132 F. Supp. 3d 1322, 1328 (M.D. Fla. 2015).

[47] *See,* Doc. 83 at ¶18.

[48] *See,* Declaration of ARR at ¶¶ 25-26.

[49] *Id.* at ¶¶ 35-36.

[50] *Id.* at ¶¶ 25-26.

[51] *Id.* at ¶ 61.

[52] *Hinkle,* 827 F.3d 1295, 1301–02.

they can satisfy § 1681s–2(b) by conducting an investigation, verifying the disputed information, and reporting to the CRAs that the information has been verified.[53] Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true.[54] Second, a furnisher can conduct an investigation and conclude, based on that investigation, that the disputed information is unverifiable.[55]

Here, Perez contended at various times that the accounts weren't his, once the accounts "belonged to another individual with the same and similar name" and requested to "Confirm ID."[56] Based on the nature of his disputes, ARR investigated each dispute, and determined, based upon the fact that Perez's name, address or at least prior address and social security number that he provided to the CRAs when lodging his disputes matched, or nearly matched, the information that the original creditor provided electronically to ARR was accurately reported.[57]

The information that "sealed the deal" for ARR was that the social security number given as part of Perez's social security number was an exact match for the social security number ARR had in its file(s).[58] As Perez disputed the accounts as not his—more specifically as belonging to another person with the same or similar name—and the social security numbers matched, ARR reasonably concluded that the account(s) belonged to Perez and not to someone with a same or similar name.[59] Therefore, ARR reported the results of its investigation to Experian, and verified the account information it had

---

[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] *See,* Exhibit "1"—Declaration of ARR; *see also* Exhibit "A" to ARR's declaration—ARRs account notes; *see also* Exhibit F to ARR's Declaration—ACDV's provided by Experian.
[57] *Id.* at ¶¶ 22-68.
[58] *Id.* at ¶ 70.
[59] *Id.*

previously credit reported.[60] Based upon the nature of the dispute(s) and its corresponding

investigation(s), ARR is entitled to summary as its investigation(s) were reasonable.

In *Stroud v. Bank of America*, this court faced a similar situation concerning whether a

furnisher—like ARR—performed a reasonable investigation upon receipt of a dispute where

a consumer claimed the account(s) were "[n]ot his/hers..[p]rovide or confirm ID."[61] There

Magistrate Goodman opined, to avoid summary judgment on such a claim, a plaintiff—like

Perez—must show there is a genuine issue of material fact evidencing that a furnisher:

> (1) failed to conduct an investigation with respect to the
> disputed information;
> (2) failed to review all relevant information provided by the
> consumer reporting agency pursuant to § 1681i(a)(2);
> (3) failed to report the results of the investigation to the
> consumer reporting agency; or,
> (4) if an item of information disputed by a consumer is found to
> be inaccurate, incomplete, or cannot be verified after any
> reinvestigation, failed to modify, delete, or permanently block
> the reporting of that item of information.[62]

In *Stroud,* the defendant, the original creditor of the account, submitted a declaration

stating for the majority of the disputes—(not his/hers… confirm ID")— it investigated

whether the account was plaintiff's by confirming that the personal information for the

account that plaintiff listed in the disputes matched the information in its records for the

account.[63] As the original creditor, the defendant also reviewed other documents such as its

billing statements and confirmed the address on the billing statements matched the address

listed on the dispute.[64] This court granted defendant summary judgment delineating that:

> BOA's submissions demonstrate that its response to Stroud's
> various disputes constituted a reasonable investigation under

---

[60] *Id.* at ¶ 69.
[61] *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1313 (S.D. Fla. 2012).
[62] *Id.*
[63] *Id.*
[64] *Id.*

the FCRA, that this investigation yielded no indication that the
account did not belong to Stroud, and that BOA accurately
reported its findings.[65]

Thus, a furnisher of information—like ARR—is entitled to summary judgment if it
conducts a reasonable investigation based upon the information it has in its file regarding
the dispute provided by the CRA(s), concludes that there is no evidence its information is
inaccurate, and accurately reports its findings to the credit reporting agencies.[66]

And this court isn't the only one to hold so. In *Arianas v. LVNV Funding LLC,* a sister
court granted summary judgment in a defendant's favor where the plaintiff filed disputes
with CRAs indicating—"Consumer states inaccurate information. Provide or confirm
complete ID and account information"—and where the defendant verified the relevant
dates, account information, and timely responded to the CRAs.[67] There the plaintiff argued
he had already paid off the debt and the defendant failed to verify the accuracy of *its records*
and lacked sufficient information to report to the credit reporting agencies.[68] The Court
disagreed opining the defendant ***relied on the information that the originator had transferred
electronically to it***.[69] And found plaintiff's unsupported assertion that he paid the debt,
without documentary support, didn't cast doubt on defendant's reasonableness in relying on
and reporting the information in its electronic records.[70]

In *Taylor v. Georgia Power Company,* the Eleventh Circuit upheld the grant of
summary judgment on behalf of a furnisher of information applying the principle it

---

[65] *Id.,* citing to *e.g., Howard v. Pinnacle Credit Servs., LLC,* No. 4:09–CV–85 (CDL), 2010 WL 2600753, at *2–3
(M.D.Ga. June 24, 2010) (analyzing similar disputes received from a credit agency, describing a similar
response, and granting summary judgment to furnisher of information on § 1681s–2(b) claim).
[66] *Id.* citing *Westra v. Credit Control of Pinellas,* 409 F.3d 825 (7th Cir.2005).
[67] *Id.*, 132 F. Supp. 3d 1322, 1323 (M.D. Fla. 2015).
[68] *Id.* (emphasis added.)
[69] *Id.* ("Arianas is unable to muster any evidence that the electronic information in the records was
unreliable.") (emphasis added.)
[70] *Id.*

expounded in *Hinkle*.[71] In *Taylor*, the Court determined that the district court didn't err in concluding that the defendant conducted a reasonable investigation upon receipt of a dispute wherein the undisputed facts showed that the furnisher "reviewed all the information it had in its possession … [and] verified [the plaintiff's] name, birth date, social security number, and the amount owed on the account, before verifying the debt.[72]

Following the reasoning dissertated by the Eleventh Circuit in *Taylor,* this court granted summary judgment for a furnisher who completed a reasonable investigation where it, upon receipt of a dispute claiming an account was not his/hers, investigated the dispute by checking the plaintiff's personal identifying information, the loan number and data points, confirmed their accuracy, and verified as accurate its credit reporting.[73] This court found such to be reasonable as, following each dispute, the defendant "confirmed [p]laintiff's name, social security number, date of birth, address, account number…"[74]

As the Eleventh Circuit in *Hunt v. JPMorgan Chase Bank* so eloquently put it:

> When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true.[75]

Here, as in most FCRA § 1681s2-b cases, the question is did ARR acquire enough evidence to support its conclusion the information it report was true/accurate? The resounding answer to that question can only be yes.

---

[71] *Taylor v. Georgia Power Co.*, 697 F. App'x 630, 631 (11th Cir. 2017)
[72] *Id.*
[73] *Celestine v. JP Morgan Chase Bank, N.A.*, No. 1:17-CV-20915-KMM, 2018 WL 2316665, at *2 (S.D. Fla. May 11, 2018), appeal dismissed sub nom. *Celestine v. JPMorgan Chase Bank, N.A.*, No. 18-12384-EE, 2018 WL 6524368 (11th Cir. Sept. 25, 2018)
[74] *Id.*
[75] *Id.*, 770 F. App'x 452, 457 (11th Cir. 2019).

As delineated more fully in its declaration, Perez disputed his accounts indicating they were not his and once specifically contested they belonged to someone with a similar name.[76] He never disputed the debts with ARR directly.[77] He didn't claim fraud or identify theft. He provided no evidence to support his disputes. Upon receipt of the disputes, ARR reviewed each dispute on each account.[78] It cross-referenced the information that Perez provided via his dispute to the information it obtained via its electronic transfer of information from the original creditor.[79] It matched his name, it matched his address (or at least his prior to address to the address listed in ARR's system), and most importantly matched his social security numbered.[80] This investigation was reasonable. And it was further reasonable for ARR to verify the information that it reported as accurate.

For what more can be required of a furnisher, when as here, a person claims an account is not his because it purportedly belongs to another person with a same or similar name, and the furnisher takes the information the person provided in his dispute and finds the name on the dispute versus what's in its file is a close match, the address on file matches a prior address listed by the person in his dispute, and the person's social security number on file matches what he provided in his dispute?[81] There's nothing.[82] There can't be more.

---

[76] *See,* Exhibit "1"—Declaration of ARR—at ¶ 4.
[77] *Id.* at ¶ 13.
[78] *Id.* at ¶¶ 24-68.
[79] *Id.*
[80] *Id.*
[81] *See Westra,* 409 F.3d at 827 (holding a reasonable investigation may require a more thorough investigation when the creditor was on notice of possible fraud or identity theft than when the creditor receives little information other than the debtor denies the account belongs to him).
[82] *Stroud,* 886 F. Supp. 2d 1308, 1313. (A furnisher of information is entitled to summary judgment if it conducts a reasonable investigation based upon the information regarding the dispute provided by the credit reporting agency, concludes that there is no evidence its information is inaccurate, and accurately reports its findings to the credit reporting agencies.); *Deutsch v. Arrow Fin. Servs., LLC,* No. 8:08-CV-1469-T-17MAP, 2010 WL 10878520, at *8 (M.D. Fla. Mar. 30, 2010) (The reasonableness of the furnisher's investigation is measured by its response to specific information provided by the CRA in the notice of dispute. Where the CDV provides "scant information," without any detail as to the disputed transaction(s), and with no assertion of fraud or identity theft, … a furnisher's review of its internal files is reasonable.); *Gorman v. Wolpoff &*

16

In short ARR's investigation was unreasonable—particularly when it found the social security number Perez provided via his disputes matched that in ARR's records. Thus, ARR entitled to summary judgment as a matter of law.

### 4. Perez can't point to anything ARR could have discovered in its records that would have established its reporting to be inaccurate.

On or around January 1, 2018, accounts alleged to belong to Perez were referred to ARR for collection by Grassy Waters Inpatient Services ("Grassy Waters") via its billing agent EmCare.[83] ARR was electronically provided certain information related to Perez's account(s) by its client—Grassy Waters— including, but not limited to his name, address, and social security number.[84] ARR didn't receive any of Plaintiff medical records or even any intake form; nor would ARR be entitled to review or obtain any such medical records per HIPPA.[85] There was no information provided to ARR by the original creditor that would have revealed to it that any or all of Perez's accounts wasn't his or belonged to a person with a same or similar name.[86]

Even if there's a question of fact, for sake of argument only, as to whether ARR performed a reasonable, the court's inquiry doesn't end there. As recognized by the Eleventh Circuit in *Felts v. Wells Fargo Bank, N.A.,* regardless of the nature of the

---

*Abramson, LLP*, 584 F.3d 1147, 1158 (9th Cir. 2009) (MBNA's review of its internal account files to determine whether any such agreement had been reached was all that was required to respond reasonably to this notice of dispute.)

[83] *See,* Exhibit "1"—Declaration of ARR—at ¶ 5.

[84] *Id.* at ¶ 6.

[85] *Id.* at ¶ 7. Under HIPPA laws, the information that can be shared with a collection agency is limited. The information that may be disclosed to a collection agency includes the debtor's name, address, Social Security number, date of birth, account number, payment history and the name and address of the health-care facility or provider. However, HIPPA laws do not allow the medical records to be submitted to a collection agency. The services a patient received are private, and those records may not be disclosed to a collection agency. Disclosures to collection agencies are governed by other provisions of the Privacy Rule, such as the business associate and minimum necessary requirements. *See,* 45 CFR 160, 162, and 164.

[86] *Id.* at ¶ 70.

investigation, a plaintiff must prove that *had* the furnisher conducted a reasonable investigation, the result would have been different.[87] In reaching this conclusion in *Felts,* the Court specifically opined:

> *Regardless* of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that *had* the furnisher conducted a reasonable investigation, the result would have been different; *i.e.*, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails, as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation. And, in turn, a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.[88]

In *Felts,* the Court delineated that a plaintiff cannot prevail on a claim against a furnisher without identifying some fact in the record establishing that the information reported was inaccurate or incomplete.[89] Here, there's no fact or record evidence that Perez can point to, contained in ARR's documentation, that would have revealed to ARR that he didn't owe the debt, let alone it belonged to a person with a same/similar name. All he has is the threadbare assertions the accounts aren't his. And that's insufficient.

And the holding—that a FCRA plaintiff must prove some facts a furnisher could uncover that would establish that the reported information was, in fact, inaccurate or incomplete—was reinforced by the Eleventh Circuit in *Leones v. Rushmore Loan Mgmt. Servs.*

---

[87] *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305 (11th Cir. 2018).(emphasis in original.)
[88] *Id.* (emphasis in original.)
[89] *Id.*

*LLC.*[90] There, the court held that the plaintiff's allegation of an unreasonable investigation didn't establish a viable claim as the plaintiff didn't "identify facts defendant could have uncovered" that would have revealed "an inaccuracy in the reported information."[91]

Perez will most likely argue that ARR should have or could have contacted him or the original creditor directly when investigating his dispute(s). However, as detailed above, courts have opined time and again that a furnisher is *not* automatically required to contact every consumer or even the original creditor when it receives a dispute(s) as such would be terribly inefficient and is not mandated by the FCRA.

The question then becomes what information was contained in ARR's records that would reveal its credit reporting to be inaccurate. The answer is there's nothing. As detailed by ARR's Declaration and its corresponding account notes attached thereto, the only information it had, and could have reviewed, demonstrated that the account(s) it credit reported were Perez's and at the very least didn't belong to a person with the same or similar name.[92] And regardless, Perez can't, and hasn't produced any evidence or identified facts that ARR could have uncovered from its electronic file that would have revealed an inaccuracy in its reported information.

As detailed above, just because the results of an investigation undertaken by a furnisher, like ARR, turns out not to be correct or adverse to the consumer, doesn't in and of itself mean that the investigation was unreasonable. Here, just as in *Arianas,* Perez has no evidence the information that the originator creditor transferred to ARR electronically was

---

[90] *Id.,* 749 F. App'x 897, 901 (11th Cir. 2018).
[91] *Id.*
[92] *See,* Exhibit "1" and Exhibit "A" to its declaration.

unreliable.[93] And his unsupported assertion that he didn't legally owe the debt or the debt wasn't his, without any documentary support, doesn't cast doubt on ARR's reasonableness in relying on and reporting the information in the electronic records.[94]

Thus, Perez's claims fail and ARR is entitled to summary judgment as he cannot demonstrate that a reasonable investigation would have resulted in ARR concluding differently that it did as he can't identify any facts ARR could have uncovered in its records that would establish that the information it report was, in fact, inaccurate or incomplete.

## IV.    Conclusion

Perez's contention that ARR didn't perform a reasonable investigation into his dispute—that the accounts weren't his—raises a legal defense, rather than demonstrates a *factual inaccuracy*. As Perez's disute doesn't raise actual inaccuracies that a reasonable investigation would uncover, his FCRA claims are doomed. And regardless, ARR's investigation was reasonable. Upon receipt of the notice(s) of dispute, ARR took the information Perez provided to the CRAs, compared it to its information electronically received from the original creditor, noted that certain information matched while other information was different, and ultimately verified its reporting as accurate as the SSN that Perez provided the CRAs matched that which was in ARR's records and because there were no other discrepancies noted. ARR is thus entitled to summary judgment.

---

[93] *Arianas*, 132 F. Supp. 3d 1322, 1328. (Arianas is unable to muster any evidence that the electronic information in the records was unreliable.)

[94] *See Stroud v. Bank of Am.,* 886 F.Supp.2d 1308, 1314 (S.D.Fla.2012) (granting summary judgment on FCRA claim against furnisher because "[plaintiff] has failed to provide any *evidence,* as opposed to merely his own allegations or hunches or theories, that the investigation was unreasonable or that [the furnisher] reported any inaccurate information.")

/s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**
1135 Marbella Plaza Drive
Tampa, Florida 33619
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
cmchale@gsgfirm.com
Counsel for Defendant