## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **FRANCISCO JAVIER PEREZ RAMONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **0:19-cv-062949-RNS** |
| | ) | |
| v. | ) | **Judge Scola** |
| | ) | **Magistrate Judge Snow** |
| **AR RESOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PLAINTIFF'S MOTION IN LIMINE

NOW COMES the Plaintiff, FRANCISCO JAVIER PEREZ RAMONES, by and through his attorneys, SMITHMARCO, P.C., and hereby moves this Honorable Court to enter an Order in Limine to exclude arguments and evidence regarding the following, on the grounds that they are inadmissible, irrelevant, immaterial, and that any probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

### A.     INTRODUCTION

This case has been brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Congress enacted the Fair Credit Reporting Act (hereinafter "FCRA") to protect the accuracy, integrity, and privacy of an individual's personal and credit information. The FCRA requires that credit reporting agencies, and the entities that report credit information to them, such as Defendant, AR Resources, Inc., (hereinafter, "ARR") ensure that a consumer's credit information is accurate and further mandates that when a consumer disputes the accuracy of certain credit information, the dispute is investigated to ensure the veracity of the information being reported by data furnishers, such as ARR, to the credit reporting agencies, and by extension by the credit reporting agencies to potential lenders.

It is axiomatic that the fundamental predicate of the FCRA is to ensure accurate reporting. Credit reports and credit scores have become the benchmark by which financial institutions determine an individual's creditworthiness. As such, even basic errors on a credit report have a deleterious effect on an individual's ability to obtain and retain lines of credit. Indeed, consumers that are marred by putative financial difficulties are precluded from obtaining financing, to their own personal detriment and to the detriment of the economy at large, which is driven by consumer purchases. As was the case with Mr. Ramones, the erroneous reporting by ARR of nineteen (19) medical collection debts proved fatal in his ability to get approved for financing.

ARR is a debt collection agency who is subject to, and obliged to comply with, the FCRA. This includes, *inter alia*, furnishing credit-related information to consumer reporting agencies. The FCRA requires furnishers of information to provide accurate information to consumer reporting agencies. *See* 15 U.S.C. §1681s-2(b)(a). When a consumer disputes the accuracy of that information to a consumer reporting agency, upon receiving notice of the dispute, a furnisher is required, *inter alia*, to conduct an investigation with respect to the disputed information and review all relevant information provided to it by the consumer reporting agency. §1681s-2(b)(1)(A)-(B).

The fundamental issue in the present case is the accuracy of the information being credit reported by ARR and the nature and extent of the investigation undertaken by ARR in response to Plaintiff's myriad disputes. In the present matter, ARR received 31 disputes from Trans Union and Experian regarding Mr. Ramones' dispute of erroneous account information that ARR was reporting about Mr. Ramones. The accounts ARR was reporting were related to medical debts for medical treatment received by Mr. Ramones' father, Francisco Perez Gonzalez (hereinafter "Mr. Gonzalez"). Despite Mr. Ramones' clear and specific disputes that the accounts did not belong to him, ARR continued to verify the information it was reporting to the credit reporting agencies as

accurate. Rather than conducting a reasonable investigation into Mr. Ramones' disputes as required, ARR verified the information based on information found in its own database, *i.e.*, the original source of the inaccurate information.

### B. MOTIONS IN LIMINE

#### I. Motion in Limine to Bar Reference to Any Witness's Residential and/or Immigration Status

The threshold issue for the admissibility of evidence is whether it has "any tendency to make a fact more or less probable that it would be without the evidence; and the fact is of consequence in determining the action." Fed.R.Evid 401. The residential and/or immigration status of any witness in trial of the present matter is wholly irrelevant; pursuant to Fed.R.Evid 402 such evidence should be barred.

For example, in *Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-AMS, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011), this Court determined that the immigration status of the plaintiffs was not relevant to the claims made and that the probative value of their immigration status was substantially outweighed by the prejudicial effect on the plaintiffs. Therefore, the defendants were prohibited from mentioning or soliciting testimony at trial regarding the plaintiffs' immigration status. *Id.*, at *2.

**Defendant's Position:** Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine I and Defendant has no objection to the relief requested by this motion in limine.

#### II. Motion in Limine to Bar Reference to Settlements, Other Lawsuits or Claims

Initially, Plaintiff filed suit against three (3) defendants, ARR and two (2) consumer reporting agencies, Experian Information Solutions, LLC, (hereinafter, "Experian") and Trans Union, LLC (hereinafter, "Trans Union"). Pursuant to this Court's Order, this matter proceeded

to mediation at which Plaintiff resolved his claims against Experian and Trans Union. The resolution of these claims, however, has no bearing on whether ARR violated the FCRA.

Indeed, the sole issue before this Court is whether Defendant, ARR, violated the FCRA, not whether other defendants might have done so, and reference to the existence of other FCRA claims raised by Plaintiff against other defendants is improper. Such reference has no probative value and has been construed as an inappropriate attempt to garner unfair prejudice, confuse the issues, or mislead the jury. Fed. R. Evid. 403, 404, 608, 802; *McKee v. Erikson*, 654 A. 2d 1263, 1267 (1995) (appeals to passion or prejudice have no place in the jury system); *DeFelice v. American Inter. Life Assur. Co.*, 112 F. 3d 61, 67 (2d Cir. 1997) (evidence excluded when risk of confusing or distracting jury); *Soller v. Moore*, 84 F. 3d 964 (7th Cir. 1996) (same); *Haynes v. Coughlin*, 79 F. 3d 285, 291–293 (2d Cir. 1996) (evidence of other similar incident inadmissible and prejudicial); *Lanham v. Whitfield*, 805 F.2d 970 (11th Cir. 1986) (evidence of other litigation excluded; confuses the issues, misleading to the jury and causing prejudice to the party); *Bradley v. Soo Line RR. Co.*, 88 F.R.D. 307, 310 (E.D. Wis. 1980) (evidence that more than one claim filed by same plaintiff against same defendant is prejudicial).

Plaintiff's claim proceeding to trial in this matter focuses exclusively upon ARR's continued erroneous reporting of medical debts that were the responsibility of Plaintiff's father, not Plaintiff. Plaintiff disputed ARR's inaccurate reporting of the myriad debts it was reporting in his name and each time ARR was charged with the responsibility for conducting a reasonable investigation. The damages that Plaintiff seeks in this matter emanate from ARR's continued failure to properly investigate the nature of Plaintiff's disputes relative to the accounts it was reporting. Hence, ARR should be precluded from making reference of any kind to any claim or lawsuits against any other defendant and any and all settlements with any other entities.

ARR's use of this information would be wholly irrelevant to the claims at issue and would serve only to confuse the jury about ARR's liability and/or responsibility for the damages claimed in this lawsuit by improperly inferring that another entity is somehow responsible for its violation of the FCRA.  See Fed. R. Evid. 401-403.

Moreover, any argument that ARR intends to make to the effect that it is entitled to a set-off from any damages verdict or have the jury apportion contributory liability for any such verdict in light of the other lawsuits and other settling defendants is similarly misguided.  The FCRA imposes specific statutory duties upon actors such as ARR, which Plaintiff alleged from the time of his Complaint.  These are individual statutory duties that run to ARR only, and no other party.  ARR alone controlled its own database and credit data.  ARR alone controlled its reinvestigation responses to Plaintiff based upon Plaintiff's specific disputes to Trans Union and Experian. Thus no other party could be held liable for ARR's individual statutory duties here.

Furthermore, the U.S. Supreme Court has held that in cases alleging a violation of a federal statute there exists no right to off-set unless the statute itself or federal common law so provides. *See Texas Instruments Inc. v. Radcliff Material, Inc.*, 451 U.S. 630, 638 (1981); *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 90-91 (1981).  There is no right to off-set on the face of the FCRA.  To the contrary, following the guidelines of the U.S. Supreme Court, myriad federal courts have held that neither the FCRA, nor its sister acts under the Consumer Credit Protection Act, support any express or implied right to set-off, indemnity or contribution.  See generally *McMillan v. Equifax Credit Information Services, Inc.*, 153 F. Supp. 2d 129, 132 (D. Conn. 2001); *Irwin v. Mascott,* 94 F. Supp. 2d 1052, 1058 (N.D. Cal. 2000); *Conner v. Howe*, 344 F. Supp. 2d 1164 (S.D. Ind. 2004); *Kerr v. Wanderor & Wanderor*, 211 F.R.D. 625, 632 (D. Nev. 2002); *Kay v. First Continental Trading, Inc.*, 966 F. Supp. 753, 754-55

(N.D. Ill. 1997). Similarly, federal courts have specifically held that a settlement agreement between a plaintiff and one defendant in an FCRA case was not even discoverable or relevant in limiting the liability of another defendant. *Betts v. Equifax Credit Information Servs.*, 245 F. Supp. 2d 1130, 1136 (W.D. Wash. 2003); *see also, Agosta v. Inovision, Inc.*, slip. op., Civ. No. 02-806 (E.D. Pa. June 12, 2003) (settlement with one party in FCRA action not discoverable or relevant for trial).

The Federal Rules of Evidence also specifically prohibit the instruction at trial of any evidence concerning settlement, including the amount of any settlement or even the basic fact that there was a settlement, or even an offer to settle. Fed. R. Civ. P. 408. Defendant cannot attempt to improperly influence the jury here by suggesting that Plaintiff has been compensated for ARR's conduct. Nor would any other party, as a practical matter, have any reason to compensate Plaintiff for ARR's wrongful actions.

Defendant must defend this case on the merits. It cannot shift its legal burden to some other person or entity, and it cannot obtain contribution from any settled co-Defendant in this or any other case. Nor is there any evidence in this case of Plaintiff's other discrete credit reporting issues with other entities and other disputes processed under different procedures at different times and resulting in other credit denials than the ones claimed here. Defendant must therefore not be permitted to unfairly influence the jury into believing that some other party is partially or wholly responsible for Defendant's own statutory non-compliance and the resulting harm to Plaintiff. All evidence and argument relating to other FCRA lawsuits and settlements must be precluded.

**Defendant's Position:** Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine II and Defendant has no objection to the relief requested by this motion in limine.

### III. Motion to Strike Defendant's Putative Bona Fide Error Affirmative Defense

As noted above, Plaintiff's claim against Defendant, ARR, is predicated solely on an alleged violation of the FCRA. Notwithstanding this basic fact, in its Answer Defendant has raised a putative affirmative defense that: "any violation of federal law in its dealings with Plaintiffs (sic) was a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error." (Dkt. # 11, page 7).

Though the federal Fair Debt Collection Practices Act provides for such a defense[1], the FCRA does not.

In *Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-CV-386-FTM-99CM, 2018 WL 1877462 (M.D. Fla. Apr. 19, 2018), the plaintiffs argued that the bona fide error defense did not apply to FCRA claims, and thus the defense should be stricken as to the FCRA. The court held that the bona fide error defense was available under the FDCPA and the FCCPA (i.e., Plaintiff's other claims), but not under the FCRA. *Id.*

In *Brossart v. DIRECTTV*, No. CIV. 11-786 DWF/JJK, 2011 WL 5374446, at *1 (D. Minn. Nov. 4, 2011), the court held that the defendant's seventeenth affirmative defense (Innocent Mistake/ Bona Fide Error) failed because no such defense exists in FCRA cases.

**Defendant's Position:** Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine III and has been informed that Defendant intends on opposing the relief requested by this motion in limine.

### IV. Motion Bar Reference to Attorneys' Fees & Costs

The FCRA contains a provision that allows for the recovery of attorneys' fees and costs in any successful action to enforce any liability. *See,* 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2).

---

[1] See, 15 U.S.C. § 1692k(c)

The recovery of attorneys' fees and costs, however, is a post-trial matter once liability at trial has been determined; the issue of attorneys' fees and costs is not an issue to be resolved by the trier-of-fact at trial. Hence, any questions and/or reference to Plaintiff's attorneys' fees and costs are irrelevant to Plaintiff's underlying claims. The probative value of providing information pertaining to Plaintiff's attorneys' fees to a jury is substantially outweighed by its prejudicial effect.

In *Books v. Cook*, the court explained that the dissemination of information to the jury particular to a plaintiff's attorneys' fees in connection with a fee-shifting provision constitutes prejudice warranting a new trial. *Books v. Cook*, 938 F. 2d 1048 (9th Cir. 1991). In particular, the court noted the importance of relevant policy considerations underlying fee-shifting provisions, and the according effect that information regarding the same would have upon a jury. *Id*. at 1051. The court explicitly discussed with reference to an almost identical fee-shifting provision included in the Civil Rights Act:

> **We have found no cases that discuss whether a jury may be informed of the possibility of an award of attorneys' fees. Nevertheless, we believe that the judge abused his discretion by providing the jury with this information**. Both the structure and purpose of § 1988 as well as a review of analogous circumstances convince us that an error was committed.
>
> **The award of attorneys' fees is a matter of law for the judge, not the jury**. Section 1988 states, in pertinent part, that "*the court,* in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (1988) (emphasis added). *See also Hensley v. Eckerhart,* 461 U.S. 424, 433-37, 103 S.Ct. 1933, 1939-41, 76 L.Ed. 2d 40 (1983) (explaining the factors that *district courts* should take into account in determining reasonable fees). The jury's role is to determine liability and the amount of damages. These determinations are distinct from the awarding of fees. **By informing the jury of the plaintiff's right to seek attorneys' fees under § 1988, the court invited the jury to factor in a subsequent step- the court's**

> **calculation of the ultimate judgment- that had no relevance to the jury's determination of liability and damages**.
>
> \*   \*   \*
>
> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. **Even more troubling, however, is the case where actual damages are small or nonexistent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for the defendant rather than allow the plaintiff's attorney to recover fees**.

*Id*. at 1051 (emphasis added).

The court has the discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission will necessitate undue consumption of time and/or it creates a substantial danger of undue prejudice, of confusing the issues, or of misleading the jury. As stated above, this evidence is not relevant to the action as it is not a disputed fact that Plaintiff has accrued attorneys' fees nor is it a factual dispute that Plaintiff is entitled to attorneys' fees if he prevails in this action. Therefore, it has no probative value in determining the outcome of Plaintiff's action. As a result, any consumption of time by the admission of such evidence is unnecessary.

Additionally, admission of such evidence creates substantial dangers of undue prejudice, of confusing the issues, and of misleading the jury, which substantially outweigh the probative value of the evidence. Again, the evidence of Plaintiff's attorneys' fees is not relevant and has no probative value to any factual dispute. Therefore, the admission of such evidence is inherently substantially more prejudicial than probative of any admissible fact at trial.

**Defendant's Position:**  Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine IV and Defendant has no objection to the relief requested by this motion in limine.

V. **Motion to Bar Any Witness Who Lacks Personal Knowledge of the Facts Testified to**

Fed. R. Evid. 602 provides "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Examples of trial testimony which would violate this rule are speculation by an ARR corporate representative about what another employee or agent believed or intended. Similarly, testimony about what a consumer reporting agency thought or intended would be inadmissible. Finally, ARR should not be allowed to testify that an event occurred unless the witness has seen a business record showing the event occurred or has personal knowledge of the event at issue.

A non-expert witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Peeler v. KVH Indus., Inc.*, No. 8:12-CV-1584-T-33MAP, 2014 WL 117101, at *10 (M.D. Fla. Jan. 13, 2014) (citing Fed.R.Evid. 602).

**Defendant's Position:**  Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine V and Defendant has no objection to the relief requested by this motion in limine.

VI. **Motion to Bar Any Opinion Testimony of any Witness who has not been Designated and Admitted as an Expert Witness.**

ARR is expected to call fact witness(es) to discuss its procedures and the actions it took regarding its investigations of Plaintiff's disputes. These witnesses should not be allowed to state any opinions because they are not qualified and have not been designated as experts. Examples of inadmissible opinion testimony would include the statement that ARR's procedures are

reasonable, or that ARR's conduct with respect to Plaintiff complied with the requirements of the Fair Credit Reporting Act.

**Defendant's Position:** Plaintiff's counsel has discussed the relief sought by Plaintiff's Motion in Limine VI and Defendant has no objection to the relief requested by this motion in limine.

C.   **CERTIFICATE OF CONFERENCE WITH COUNSEL FOR DEFENDANT**

Pursuant to L.R. 7.1(a)(3), on December 29, 2020, Plaintiff's counsel conferred with Defendant's counsel by telephone in a good faith effort to resolve the issues raised by the present motion.

As a result of that telephone conference, the parties have reached an agreement as to Plaintiff's Motions in Limine I, II, IV, V, and VI and Defendant's counsel has apprised Plaintiff's counsel that Defendant does not object to, and will not oppose, said motions.

As to Plaintiff's Motion in Limine III (i.e., Plaintiff's Motion to Strike Defendant's Putative Bona Fide Error Affirmative Defense), the parties were unable to reach agreement on this issue and Defendant will oppose said motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order in Limine: (i) Barring reference to any witness's residential/immigration status; (ii) barring reference to any settlements, other lawsuits or claims; (iii) striking Defendant's putative bona fide error affirmative defense; (iv) barring reference to attorneys' fees and costs; (v) barring any witness who lacks personal knowledge of the facts attested to; and, (vi) barring any opinion testimony of any witness who has not been designated and admitted as an expert witness, and for whatever other relief this Honorable Court deems to be just and proper.

                                          Respectfully submitted,
                                          **FRANCISCO JAVIER**
                                          **PEREZ RAMONES**

                                 By:    s/ David M. Marco
                                              Attorney for Plaintiff

Dated: July 13, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **FRANCISCO JAVIER PEREZ RAMONES,** | ) | |
| | ) | |
| Plaintiff, | ) | 0:19-cv-062949-RNS |
| | ) | |
| v. | ) | **Judge Scola** |
| | ) | **Magistrate Judge Snow** |
| **AR RESOURCES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF system on the following counsel of record on July 13, 2021:

Charles McHale
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, FL 33609
cmchale@gsgfirm.com

***Attorney for AR Resources, Inc.***

Respectfully submitted,
**FRANCISCO JAVIER
PEREZ RAMONES**

By: ____s/ David M. Marco____

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
**Telephone:** (312) 546-6539
**Facsimile:** (888) 418-1277
**E-Mail:** dmarco@smithmarco.com