**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **FRANCISCO JAVIER PEREZ RAMONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **0:19-cv-062949-RNS** |
| | ) | |
| **v.** | ) | **Judge Scola** |
| | ) | **Magistrate Judge Snow** |
| **AR RESOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S RENEWED MOTIONS *IN LIMINE***

NOW COMES the plaintiff, FRANCISCO JAVIER PEREZ RAMONES (hereinafter "Plaintiff"), by and through his undersigned counsel, and for his Response in Opposition to the defendant's, AR RESOURCES, INC., (hereinafter "Defendant"), Renewed Motions *in Limine*, Plaintiff states as follows:

## I.   INTRODUCTION

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1681 *et seq*., was enacted by Congress to address a plethora of consumer protection related issues; not only is the FCRA aimed at curtailing abusive debt collection practices, as Defendant illustrates, the FCRA was enacted to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007).

On July 13, 2021, Defendant filed its Renewed Motions *in Limine* to prevent certain evidence from being introduced at trial. Defendant's motions *in limine* are either premature, rely on distinguishable caselaw, misconstrue the requirements to prove damages under the FCRA, and/or are nothing more than blanket motion(s) that this Court should deny.

Accordingly, and for the reasons that follow, Plaintiff respectfully requests that this Court deny Defendant's Motions *in Limine*, with the exception of Defendant's Motion *in Limine* to exclude "golden rule" arguments at trial, to which Plaintiff has no objection.

## II.   LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds*." Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-CV-80111, 2020 WL 496065, at *1 (S.D. Fla. Jan. 30, 2020) (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (quoting *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009)).

Likewise, "[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Id.* (citing *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting Miller ex rel. Miller v. Ford Motor Co., No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004))); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. *Id.*, at *2 (citing Fed.R.Evid. 401, 402; Advisory Comm. Notes, Fed.R.Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'")); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013).   A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." *Id.* (citing Fed. R. Evid. 403).  "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Id.* (quoting *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)).  Rule 403's "major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* (quoting *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001)).

### III.    ARGUMENT AND LEGAL AUTHORITIES

Defendant has filed eight (8) Motions *in Limine* seeking to exclude credit reports and other evidence from credit reporting agencies, evidence regarding Plaintiff's damages, evidence regarding the contents of documents produced by third parties, as well as evidence intended to elicit "excessive motion (*sic*)" from the jury, and "golden rule" arguments at trial.  Dkt. 115. Plaintiff disagrees with Defendant's position for the following reasons:

**1.    Plaintiff's Use of *Any Evidence* Regarding His Use of Credit Reports Not Produced in Discovery.**

In its first motion *in limine*, Defendant seeks to prohibit Plaintiff's use of *any evidence* regarding his use of credit reports received from any consumer reporting agency ("CRA") or any other entity that was not specifically produced during the discovery period.  *See* Dkt. 115, at page

5.   Defendant's motion is explicit in that it excludes the credit reports produced by the former defendants, Trans Union and Experian, during the pendency of this litigation before these defendants were dismissed from this case.  *Id.*, at page 6.

Federal Rule of Civil Procedure 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  *DAVID POWERS, Plaintiff, v. TARGET CORPORATION, Defendant.*, No. 19-CV-60922, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020) (quoting Fed.R.Civ.P. 37(c)(1)).  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party."  *Id.* (citing *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006))); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 160-61 (11th Cir. 2005); *Incardone v. Royal Caribbean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 2709810, at *7 (S.D. Fla. June 28, 2019); *Eli Research LLC v. Must Have Info Inc.*, No. 2:13-cv-695, 2015 WL 6501070, at *2 (M.D. Fla. Oct. 22, 2015).

"Motions *in limine* should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or (re)-addressing substantive motions such as motions for summary judgment."  *Id.* (citing *Holder*, 2018 WL 4956757, at *1 (quoting *Royal Indem. Co.*, 2008 WL 2323900, at *1).  Further, a district court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded."  *Id.* (citing *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, No. CIV. A. 99-D-880-E, 2001 WL 617521, at *1 (M.D. Ala. Feb. 20, 2001) (quoting *Nat'l Union v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996))).

Here, Defendant attempts to exclude Plaintiff's use of *any evidence* regarding his use of credit reports not produced during discovery, arguing that these documents are not self-authenticating and do not fall within the business records exception.  *See* Dkt. 80, at page 4. Defendant's motion is a blanket motion and is premature.

Defendant's motion is premature because, at this point in the proceedings, it is unknown which documents, if any, Plaintiff will use at trial, including for rebuttal or impeachment purposes. The Court will not exclude any allegedly improper evidence that was not produced in the abstract. *POWERS*, 2020 WL 1986968, at *7 (citing *Santiago v. Sanders*, No. 14-61505-CIV, 2015 WL 12860500, at *4 (S.D. Fla. Apr. 16, 2015)); *see also Indus. Eng'g & Dev., Inc. v. Static Control*, No. 8:12-cv-691-T-24-MAP, 2014 WL 4983912, at *8 (M.D. Fla. Oct. 6, 2014) (denying without prejudice motion *in limine* seeking to exclude all documents not produced in discovery noting that "[w]hile evidence not produced in response to discovery requests before the close of discovery is generally not admissible, the Court will not grant a blanket motion to *limine* out any and all items not produced during discovery.")

Moreover, to the extent that Defendant is requesting that this Court enforce the rules governing trial, this request is not properly the subject of a motion *in limine*.  *POWERS*, 2020 WL 1986968, at *7 (citing *Holder*, 2018 WL 4956757, at *1).  Until the offending evidence is known with more specificity, this motion **must** be denied without prejudice.  *Id.* (citing *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2003 WL 25719229, at *2 (S.D. Fla. Dec. 3, 2003)). (Emphasis added).

### 2.    Credit Reports and Documents Received from Credit Reporting Agencies, and Testimony Regarding Such.

Next, Defendant moves to exclude the use of *any evidence or testimony* by Plaintiff or any other person/witness regarding Plaintiff's use of any credit reports or other documents received

from any CRA or other entity as hearsay.  *See* Dkt. 115, at page 7.  Defendant lists the following items as "documents," for purposes of its motion *in limine*:

- Automated Consumer Dispute Verification, otherwise known as "ACDVs";
- Notices of receipt of disputes;
- Internal dispute results; and/or
- "The like."

*Id.*  Defendant argues that testimony regarding the aforementioned credit reports and documents constitutes double hearsay.  *Id.*

To the extent that Defendant attempts to exclude general evidence and/or testimony without specificity, as previously explained, Defendant's motion must be denied.  *See Thompkins*, 2003 WL 25719229, at *2.  To the extent that Defendant attempts to exclude ACDVs, these documents have previously been authenticated and introduced by Plaintiff at Summary Judgment. *See* Dkt. 57-7 – 57-9.  As for the remaining documents, these documents are not hearsay as they are not being introduced to prove the truth of the matter they assert, rather, these documents contain *inaccurate* information.

Plaintiff's claim is predicated on Defendant's violation of the FCRA, §1681s-2(b). Plaintiff disputed *inaccurate* information that Defendant was reporting about him to the CRAs, however, despite Plaintiff's myriad attempts to correct the information, Defendant failed to conduct a reasonable investigation into Plaintiff's disputes and continued to report inaccurate information about him to the CRAs.  As a result, Plaintiff suffered damages.  Accordingly, Plaintiff does not wish to introduce credit reports and/or documents evidencing receipt(s) of dispute(s), internal dispute results, etc., to prove their truth; instead, Plaintiff will use this evidence to show that Defendant failed to conduct a reasonable investigation in light of its duties as a furnisher of consumer information under the FCRA.

Likewise, testimony introduced by Plaintiff and/or other witnesses regarding the abovementioned documents does not constitute double hearsay. The testimony is not being offered for its truth, but rather, to show that Defendant failed to conduct a reasonable investigation into Plaintiff's disputes.

Finally, to the extent that Defendant's motion attempts to exclude "like" documents, for reasons previously explained, the Court will not grant a blanket motion to *limine* evidence and/or testimony without more specificity. *See POWERS*, 2020 WL 1986968, at *7 (citing *Thompkins*, 2003 WL 25719229, at *2).

    **3.**    **Evidence or Testimony Regarding Damages to Plaintiff's Credit Rating, that Plaintiff was Denied Credit, or that Plaintiff was Forced to Pay a Higher Rate of Interest as a Result of the Credit Reporting Issue.**

Next, Defendant seeks to limit the use of *any evidence or testimony* of Plaintiff and/or any other witness(es) regarding damages to Plaintiff's credit rating, credit score, or credit reputation, arguing that this evidence and/or testimony is irrelevant and constitutes hearsay. *See* Dkt. 115, at pages 8-9.

Evidence of Plaintiff's damages comes in the form of documents previously produced by Plaintiff and authenticated by third parties during discovery, and thus, does not constitute hearsay. Moreover, each adverse action letter previously produced by Plaintiff lists the specific reason(s) for Plaintiff's denial. Likewise, Plaintiff's anticipated testimony regarding same is not hearsay as Plaintiff has personal knowledge of receiving and reading the adverse action letter(s) produced. Additionally, Plaintiff's testimony is not proffered for its truth, but rather, to show the state of mind of Plaintiff and/or its effect on Plaintiff.

Finally, evidence regarding damages to Plaintiff's credit rating, score, and/or reputation is unequivocally relevant to Plaintiff's recovery in this matter. The FCRA allows for the recovery

of statutory damages, actual damages, including emotional distress, punitive damages (if willfulness is found), and recovery of Plaintiff's reasonable attorney's fees and costs should Plaintiff succeed in proving Defendant's liability.  *See* §1681n; §1681o.  Accordingly, Defendant's motion *in limine* should be denied.

### 4.    Evidence Proffered by Undisclosed Witnesses and/or Documents Regarding Plaintiff's Credit Denials.

Next, Defendant argues that Plaintiff cannot be allowed to present evidence at trial through documents and evidence that have not been disclosed as required by Federal Rule of Civil Procedure 26.  *See* Dkt. 115, at pages 10-12.  Specifically, Defendant asserts that Plaintiff did not disclose any witness and/or document demonstrating that he had been denied credit and/or forced to pay a higher rate of interest, or the reason(s) therefore.  *Id.*

Defendant's argument is patently false.  During the discovery period, Plaintiff disclosed documents to show that Plaintiff was denied for credit opportunities with several lenders, including Wells Fargo and Lending Club Corporation.  These documents include the reason(s) for the adverse action and were properly authenticated by each producing party.

Defendant's motion is also premature because, at this point in the proceedings, it is unknown which documents, if any, Plaintiff will use at trial, including for rebuttal or impeachment purposes.  Finally, to the extent that Defendant's motion attempts to exclude other documents and/or witnesses not specifically mentioned in its motion, for reasons previously explained, the Court will not grant a blanket motion to *limine* evidence and/or testimony without greater specificity.  *See POWERS*, 2020 WL 1986968, at *7 (citing *Thompkins*, 2003 WL 25719229, at *2).

**5.      Evidence or Testimony Regarding the Contents of Documents Produced by Third Parties in Response to Plaintiff's Subpoenas.**

Next, Defendant anticipates that Plaintiff will attempt to introduce testimony and/or evidence regarding documents that were received by Plaintiff pursuant to subpoena from Phoenix Financial Services, Lending Point LLC, and/or Westside Medical Center[1], and seeks to exclude this evidence on the basis of hearsay.  *See* Dkt. 115, at pages 12-13.

Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.  Fed.R.Evid. 805; *see also* Advisory Comm. Notes, Fed.R.Evid. 805 ("On principle it scarcely seems open to doubt that the hearsay rule should not call for exclusion of a hearsay statement which includes a further hearsay statement when both conform to the requirements of a hearsay exception. Thus, a hospital record might contain an entry of the patient's age based on information furnished by his wife. The hospital record would qualify as a regular entry except that the person who furnished the information was not acting in the routine of the business. However, her statement independently qualifies as a statement of pedigree (if she is unavailable) or as a statement made for purposes of diagnosis or treatment, and hence each link in the chain falls under sufficient assurances. Or, further to illustrate, a dying declaration may incorporate a declaration against interest by another declarant.").

Defendant acknowledges that the documents produced pursuant to subpoena, which were disclosed by Plaintiff to Defendant during discovery, were properly authenticated by the producing party, however, Defendant argues that the statements contained within these documents are inadmissible hearsay as "no proper person/entity has substantiated the contents of the subpoenaed records nor has [Plaintiff] listed a witness capable of doing so."  *See* Dkt. 115, at page 13.

---

[1] Plaintiff has previously issued subpoenas *duces tecum* to additional third parties to this matter, all of which were properly authenticated and disclosed to Defendant, however, Defendant's motion *in limine* discusses only the three (3) subpoenas mentioned in Plaintiff's corresponding sub-section number four (4).  *See* Dkt. 115, at pages 12-13.

The documents produced by Phoenix Financial Services include Phoenix Financial Service's internal notes, Phoenix Financial Service's correspondence to Plaintiff and/or Plaintiff's father, and receipt of Plaintiff's dispute(s) from one or more CRAs. These documents were authenticated by Phoenix Financial Services. Any information regarding the disputed Marshland Emergency Physicians account is not being proffered for the truth of the matter it asserts, but rather, to show that Defendant failed to conduct a reasonable investigation into the AR Resources accounts at issue. Any information regarding Plaintiff's disputes came directly from Plaintiff himself and was only relayed to Phoenix Financial by the CRAs via the E-OSCAR electronic system. Plaintiff has personal knowledge of his disputes and is therefore permitted to testify regarding same.

The documents produced by Westside Medical Center do not constitute hearsay as they contain statements made for the diagnosis of treatment of Plaintiff's father, Francisco Jose Perez Gonzales, who has personal knowledge of his treatment at Westside Medical Center and was previously disclosed as a person with knowledge in Plaintiff's initial disclosures. For these reasons, Francisco Jose Perez Gonzales is also permitted to proffer testimony related to these documents.

### 6.    Evidence in Support of Plaintiff's Emotional Distress Damages.

Next, Defendant seeks to exclude any evidence proffered by Plaintiff in support of Plaintiff's emotional distress, physical distress, and/or medical expenses. *See* Dkt. 115, at pages 13-17. Defendant argues that this evidence must be excluded because Plaintiff has not produced or disclosed and medical evidence or expert testimony demonstrating a causal link between Defendant's conduct and Plaintiff distress. *Id.*, at page 13.

In support of its position, Defendant discusses three (3) cases, including: *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253 (S.D. Fla. 2009), *Ugarte v. Sunset Const., Inc.*, No. 8:07CV735T23EAJ, 2008 WL 4723600 (M.D. Fla. Oct. 21, 2008), and *Titus v. Commercial Recovery Sys., Inc.*, No. 8:13-CV-00567-T-27, 2014 WL 55016 (M.D. Fla. Jan. 7, 2014).  For the reasons that follow, the present matter is distinguishable from the caselaw relied upon by Defendant:

In *Rambarran*, the plaintiff was denied emotional distress damages where plaintiff stipulated that he was not entitled to emotional distress damages, and where plaintiff's emotional distress stemmed from his alleged monetary damages, monetary damages that were found not to be caused by the defendant's conduct.  *Rambarran*, 609 F. Supp. 2d at 1267-1270.  Here, Plaintiff has not entered into any such stipulation, nor are his emotional distress damages solely reliant on his monetary damages.

In *Ugarte*, the plaintiff was denied $70,000 in emotional distress damages where she claimed that she suffered depression and attempted to commit suicide as a result of the stress she endured in defending against the defendants' state lawsuit.  *Ugarte*, 2008 WL 4723600, at *3.  The plaintiff later admitted that she was already under medical care and was prescribed medication for her depression prior to any contact with the defendants and could present no evidence that her depression worsened due to the defendants' state lawsuit.  *Id.*  Here, Plaintiff's claim for emotional distress is far less extreme.  Moreover, Plaintiff does not claim to have a prior history of stress and anxiety such that medical record(s) to evidence an exacerbation of same would be warranted.

In *Titus*, the plaintiff was denied her claim for emotional distress damages where she proffered nothing more than a blanket statement that she suffered mental anguish as a result of the defendant's actions, and failed to provide even an elaboration as to the negative effects she

experienced as a result of the defendant. *Titus*, 2014 WL 55016, at *2. Here, Plaintiff's claims are much more than "blanket allegations" of emotional distress. Moreover, it is important to note that Defendant elected not to take Plaintiff's deposition; if it had, perhaps Defendant would have been able to obtain greater insight into Plaintiff's distress.

Finally, Defendant fails to mention that the applicable caselaw shows a split over what evidence is needed concerning emotional distress. *See Marchisio v. Carrington Mortg. Servs., LLC*, No. 14-14011-CIV, 2016 WL 10568065, at *15 (S.D. Fla. Sept. 13, 2016), *on reconsideration in part*, No. 14-14011-CIV, 2017 WL 5483260 (S.D. Fla. Jan. 5, 2017), *and aff'd in part*, *rev'd in part and remanded*, 919 F.3d 1288 (11th Cir. 2019).

Defendant's argument implies that a consumer may not seek damages for emotional distress unless and until he/she seeks professional healthcare/medical advice. To the contrary, numerous courts have recognized the possibility that a claim for actual or compensatory damages under the FCRA may include compensation for emotional distress **in the absence of physical injury or out-of-pocket expenses**. *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118, 1124–25 (11th Cir. 2006) (Emphasis added) (*see, e.g., Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir.1998) (holding that, even in the absence of "out-of-pocket expenses or costs incurred," the district court did not abuse its discretion in awarding actual and punitive damages when appellees testified "about how they felt when appellant obtained their credit reports and violated their privacy, thereby causing them some emotional distress"); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2nd Cir.1995) ("[T]he District Court properly recognized that 'actual damages' may include humiliation and mental distress, even in the absence of out-of-pocket expenses."); *see also Moore v. Equifax Info. Servs. LLC*, 333 F.Supp.2d 1360, 1365 & n. 3 (N.D.Ga.2004) (noting

that damages for mental distress are recoverable under FCRA even if the consumer has suffered no out-of-pocket losses).

In the present matter, Defendant's failure to conduct a reasonable investigation into Plaintiff's disputes has caused Plaintiff to suffer actual damages, including but not limited to, credit denials and resulting emotional distress.  Plaintiff may testify as to, *inter alia*, the mental anguish he suffered related to his myriad disputes, his embarrassment knowing that the inaccurate account information was visible to potential creditors, and his emotional distress that came with Plaintiff's inability to secure credit opportunities and build a positive credit reputation, all due to Defendant's failure to fulfill its obligations under the FCRA.  Additionally, Plaintiff's father, Francisco Jose Perez Gonzales, has personal knowledge of Plaintiff's emotional distress.  Moreover, Plaintiff's injuries are not so technical such that they require an expert witness to aid a jury in understanding the damages Plaintiff seeks to recover.

    **7.**      **Evidence or Testimony or Argument Intended to Elicit Prejudice, Sympathy, or Excessive Motion (*sic*).**

Next, Defendant seeks to exclude evidence, testimony, or argument(s) by counsel that are intended to improperly elicit prejudice, sympathy, or excessive motion (*sic*) from the jury.  *See* Dkt. 115, at page 17.  Defendant's motion *in limine* is vague and ambiguous, as Defendant fails to identify the evidence and/or testimony it seeks to exclude.  For reasons previously explained, the Court will not grant a blanket motion to *limine* evidence and/or testimony without greater specificity.  *See POWERS*, 2020 WL 1986968, at *7 (citing *Thompkins*, 2003 WL 25719229, at *2).

**8.      Evidence or Testimony or Argument Relative to Asking the Jury to Place Itself in the Place of the Plaintiff.**

Last, Defendant seeks to exclude arguments by counsel that place the jury, or ask the jury to place itself, in the place of the Plaintiff for purposes of determining what award they might want in a similar situation.  *See* Dkt. 115, at page 17.  This is commonly referred to as the "golden rule" argument.  For example, asking the jury, "If you were in the plaintiff's shoes, how much do you think you would deserve?" would be a clear-cut violation.  *See Ermini v. Scott*, 937 F.3d 1329, 1340 (11th Cir. 2019).  "The rationale for prohibiting such an argument is that the jury's sympathy will be unfairly aroused, resulting in a disproportionate award of damages."  *Id.* (internal citations omitted).  Although many courts treat golden rule arguments as universally improper, the Eleventh Circuit has historically permitted certain golden rule-ish statements in the liability context.  *Id.*

Plaintiff has no objection to this motion *in limine.*

## IV.      <u>CONCLUSION</u>

In conclusion, for the reasons delineated herein, Plaintiff respectfully requests that this Court deny Defendant's Motions *in Limine*, with the exception of Defendant's Motion *in Limine* to exclude "golden rule" arguments at trial, to which Plaintiff has no objection.

Respectfully submitted,
**FRANCISCO JAVIER PEREZ RAMONES**

By:     s/ David M. Marco
      Attorney for Plaintiff

<u>Dated: July 28, 2021</u>
David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SmithMarco, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com