## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **FRANCISCO JAVIER PEREZ RAMONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **0:19-cv-062949-RNS** |
| | ) | |
| **v.** | ) | **Judge Scola** |
| | ) | **Mag. Judge Snow** |
| **AR RESOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PROPOSED JURY INSTRUCTIONS

**3.1 Introduction**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

**FRANCISCO JAVIER PEREZ RAMONES,** )
)
    **Plaintiff,** )  **0:19-cv-062949-RNS**
)
 **v.** )  **Judge Scola**
)  **Mag. Judge Snow**
**AR RESOURCES, INC.,** )
)
    **Defendant.** )

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

***SOURCE: 11th Circuit Pattern Jury Instructions 3.1***

## 1.1: General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

**<u>What is evidence</u>:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

**What is not evidence**:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

**<u>Credibility of Witnesses</u>:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- · the witness's memory;
- · the witness's manner while testifying;
- · any interest the witness has in the outcome of the case;
- · any bias or prejudice the witness may have;
- · any other evidence that contradicts the witness's testimony;
- · the reasonableness of the witness's testimony in light of all the evidence; and
- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

**<u>Description of the case</u>:**

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiff, Francisco Javier Perez Ramones, claims that Defendant, AR Resources, Inc., violated a federal statute pertaining to credit reporting.

The Defendant is a collection agency which is hired by companies to collect debts owed by third parties, which for purposes of this case was Grassy Waters Inpatient Services, which is one of the Defendant's clients. **Grassy Waters Inpatient Services referred nineteen (19) unique accounts concerning medical debts that it indicated Plaintiff incurred.**

The Plaintiff claims that the Defendant violated the Fair Credit Reporting Act for reporting debts to Credit Reporting Agencies, Experian and Trans Union, as belonging to the Plaintiff <u>who is 35 years old</u>, when in fact they belonged to his <u>83-year-old father</u>, Francisco Perez Gonzalez.  The Plaintiff disputed the inaccurate credit information **concerning each of the 19 accounts in August of 2018, September and November of 2019** to Trans Union and **in September of 2019 to** Experian <u>on 30 occasions</u>.  Each time the Credit Reporting Agencies notified the Defendant of the Plaintiff's disputes and, pursuant to the Fair Credit Reporting Act, the Defendant was obligated to: (1) conduct a reinvestigation with respect to the disputed information; (2) review all relevant information provided by the consumer

reporting agency in connection with the dispute; and, (3) report the results of the reinvestigation to the consumer reporting agency.

If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation the furnisher of that information is required, pursuant to the Fair Credit Reporting Act to: (1)modify that item of information; (2) delete that item of information; or (3) permanently block thereporting of that item of information.

The Plaintiff claims that because of the collection accounts the Defendant reported incorrectly to Trans Union and Experian, his applications for loans directed to LendingClub and Wells Fargo were denied.

Having previously received evidence from both parties in this case, this Court found that the Defendant failed to undertake a reasonable investigation of the Plaintiff's disputes in violation of the Fair Credit Reporting Act and has granted summary judgment in favor of the Plaintiff and against the Defendant on this issue; hence, you do not have to reach a conclusion as to whether the Defendant's investigation of the Plaintiff's disputes were reasonable.

As such, your sole responsibility in this case is to: (1) determine whether the Defendant's failure to undertake a reasonable investigation was negligent or willful, (2) what, if any, damages the Plaintiff has sustained because of the Defendant's

failure to undertake a reasonable investigation of the Plaintiff's account disputes,

and (3) if applicable, the amount of those damages.

***SOURCE: SOURCE: 11th Circuit Pattern Jury Instructions 1.1 modified with facts of case;* Order on Motions for Summary Judgment, (ECF # 112, p5-6)**

**Burden of Proof:**

The Plaintiff has the burden of proving his case by what the law calls a "preponderance of the evidence." That means the Plaintiff must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring the Plaintiff and the evidence favoring the Defendant on opposite sides of balancing scales, the Plaintiff needs to make the scales tip to his side.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

*SOURCE: 11th Circuit Pattern Jury Instructions 1.1 [Modified to facts of case]*

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

**<u>Taking notes</u>:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the Plaintiff will present his witnesses and ask them questions. After the Plaintiff questions the witness, the Defendant may ask the witness questions – this is called "cross-examining" the witness. Then the Defendant will present its witnesses, and the Plaintiff may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.1***

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.5***

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

***SOURCE: 11th Circuit Pattern Jury Instructions 1.5***

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of

- Melody Davis taken on October 7, 2020

- Lisa Lesane taken on October 7, 2020

- Nieves Macrone taken on October 7, 2020

- Robert Alford taken on October 20, 2020

[is about to be/has been] presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

*SOURCE: 11th Circuit Pattern Jury Instructions 2.2*

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, <u>Mr. Marco/Mr. McHale</u> is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is <u>Mr. Marco/Mr. McHale</u>'s view of the evidence or of what he anticipates the evidence will be, but isn't itself evidence.

***SOURCE: 11th Circuit Pattern Jury Instructions 2.4***

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

***SOURCE: 11th Circuit Pattern Jury Instructions 2.5***

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that <u>Mr. Perez/AR Resources</u> gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, <u>Mr. Perez/AR Resources</u> gave the answers in writing while under oath.

You must consider <u>Mr. Perez/AR Resources</u>' answers to as though <u>Mr. Perez/AR Resources</u> gave the answers on the witness stand.

***SOURCE: 11th Circuit Pattern Jury Instructions 2.6***

### 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

***SOURCE: 11th Circuit Pattern Jury Instructions 3.2.2***

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**SOURCE: 11th Circuit Pattern Jury Instructions 3.3**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

***SOURCE: 11th Circuit Pattern Jury Instructions 3.4***

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish the Plaintiff's damages by a preponderance of the evidence, you should find for the Defendant.

***SOURCE: 11th Circuit Pattern Jury Instructions 3.7.1; modified to conform to facts of case.***

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

***SOURCE: 11th Circuit Pattern Jury Instructions 3.8.1***

**3.9 Election of Foreperson Explanation of Verdict Form.**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

***SOURCE: 11th Circuit Pattern Jury Instructions 3.9***

**Absent witness**

When a witness is peculiarly within the control of one party and the witness' testimony would be relevant to facts in issue, the party's failure to present testimony from that witness, may give rise to an inference that the witness' testimony would have been unfavorable to that party.

*SOURCE: United States v. Nahoom, 791 F.2d 841, 846 (11th Cir. 1986); United States v. Richard, 678 Fed. Appx. 927, 941 (11th Cir. 2017);*

**Congressional Findings and Purpose of the FCRA**

When Congress enacted the Fair Credit Reporting Act, it found that: 1) the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system; and 2) there is a need to insure that credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

The purpose of the Fair Credit Reporting Act is to require that credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

*SOURCE: 15 U.S.C. § 1681(a).*

**15 U.S.C. § 1681s-2(b)**

The first requirement of the Fair Credit Reporting Act applicable in this case is as follows:

After receiving notice of a consumer dispute from one of the credit reporting agencies, a furnisher of information must (1) conduct a reinvestigation with respect to the disputed information; (2) review all relevant information provided by the consumer reporting agency in connection with the dispute; and, (3) report the results of the reinvestigation to the consumer reporting agency.

An investigation under this section must be "reasonable." Merely matching identifyinginformation reported by the credit reporting agency is not "reasonable."

*SOURCE: 15 U.S.C. § 1681s-2(b)(1)(A), Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009); Marchisio v. Carrington Mortgage. Services, LLC, 919 F.3d 1288, 1295 (11th Cir. 2019)*

**Section 1681s–2(b) of the FCRA is accompanied by the heading, "Duties of furnishers of information upon notice of dispute," and provides the following:**

> **(1) In general**
> **After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--**
> **(A) conduct an investigation with respect to the disputed information;**

> **(B) review all relevant information <u>provided by the consumer reporting agency pursuant to section 1681i(a)(2)</u> of this title;**
> **(C) report the results of the investigation to the consumer reporting agency;**
>
> **…**
>
> **(2) Deadline**
> **A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding <u>information provided by the person to a consumer reporting agency</u>, before the expiration of the period under <u>section 1681i(a)(1)</u> of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

**15 U.S.C. § 1681s–2(b)(emphasis added).**

**15 U.S.C. § 1681s-2(b)(1)(E)**

The second requirement of the Fair Credit Reporting Act applicable in this case is as follows: If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation the furnisher of that information shall (1)modify that item of information; (2) delete that item of information; or (3) permanently block the reporting of that item of information.

*SOURCE: 15 U.S.C. § 1681s-2(b)(1)(E).*

**Duty to Conduct a Reasonable Investigation**

Under the Fair Credit Reporting Act, Credit Reporting Agencies, such as Trans Union and Experian, and entities that furnish information to consumer reporting agencies, such as the Defendant, are required to conduct a reasonable investigation of disputed information. When a Credit Reporting Agency receives a dispute, the Credit Reporting Agency must notify the furnisher of that information that the information has been disputed and the furnisher must then undertake a reasonable investigation to determine if the information is accurate or if instead it is inaccurate or incomplete or cannot be verified.

Where the latter occurs, the furnisher must modify, delete, or permanently block the reporting, and the Credit Reporting Agency must undertake a similar action. Whether an investigation is reasonable will vary depending on the circumstances of the case as well as the status of the furnisher—as an original creditor, a collection agency collecting on behalf of the original creditor, a debt buyer, or a down-the-line buyer and on the quality of the documentation available to the furnisher.

Verification of disputed information requires some degree of <u>careful</u> inquiry by furnishers of information, such as Defendant, <u>and when a furnisher does not already possess evidence establishing that an item of disputed information is true, the Fair Credit Reporting Act requires the furnishers to seek out and obtain such</u>

evidence before reporting the information as verified.  Under certain circumstances it will not be reasonable for a furnisher to simply look at the information contained in its own systems when undertaking an investigation under the Fair Credit Reporting Act.

The Fair Credit Reporting Act does not impose an unduly burdensome investigation requirement on furnishers; rather it presents them with a choice regarding how they handle disputed information. First, a furnisher can conduct a reasonable investigation by, among other things, uncovering documentary evidence which allows them to verify the disputed information and report to the consumer reporting agencies that the information is correct. If a furnisher chooses this course of action, whether they have acted reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true.

The second way a furnisher can satisfy the Fair Credit Reporting Act is to conduct an investigation and conclude, based on that investigation, that the disputed information is unverifiable.  Furnishers can avail themselves of this option if they determine that the evidence necessary to verify disputed information either does not exist or is too burdensome to acquire.  The furnisher must then notify the Credit Reporting Agency that the information cannot be verified. The question of whether a furnisher acted reasonably undertaking this course of action will turn on whether

the furnisher reasonably determined that investigation would be "fruitless or unduly burdensome.

Having previously received evidence from both parties in this case, this Court has found that the Defendant failed to undertake a reasonable investigation of the Plaintiff's account disputes.  As such, your sole responsibility in this matter is to determine: (1) whether the Defendant's failure to undertake a reasonable investigation was negligent or willful, (2) what, if any, damages the Plaintiff has sustained because of the Defendant's failure to undertake a reasonable investigation of the Plaintiff's disputes, and (3) if applicable, the amount of those damages.

***SOURCE:* Order on Motions for Summary Judgment, (ECF # 112, p5-6); s*ee also Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1301 (11th Cir. 2016.)**

**Negligence Non-Compliance Standard**

A person or entity acts negligently if the person or entity fails to do something that a reasonably prudent person would do or does something that a reasonably prudent person would not do, under the circumstances that existed.

***SOURCE: See, Thompson v. San Antonio Retail Merch. Ass'n, 682 F.2d 509, 513 (5th Cir. 1982); Neal v. Equifax Information Services, LLC, 1:03-cv-0761 (N.D. Ga. March 4, 2005 (2005 WL 5249668).***

**Willful Noncompliance Standard**

Willful means that Defendant intentionally performed an act that violates the Fair Credit Reporting Act, and it did so either with knowledge that its act violated the Fair CreditReporting Act, or in reckless disregard of the Fair Credit Reporting Act.

"Reckless disregard" means an "action entailing 'an unjustifiably high risk of harm that iseither known or so obvious that it should be known.'"

You do not need to find that Defendant acted with malice or an evil motive in order tofind that it acted willfully.

*SOURCE: Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 71, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007); Farmer v. Brennan, 511 U.S. 825, 836, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1984);Reynolds v. Hartford Financial Services, 435 F 3d 1081, 1098 (9th Cir 2006), rev'd on other grounds, Safeco, supra; Dalton v. Capital Associated Indus., 257 F.3d 409, 418 (4th Cir. 2001);Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir. 1998); Cushman v. Trans Union Corp., 115 F.3d 220, 226-27 (3rd Cir. 1997); Hinkle v. Midland Credit Management , Inc., 827 F.3d 1295, 1304 (11th Cir. 2016).*

**Causation under FCRA**

In order to recover damages, plaintiff need only show that the Defendant's failure to comply with the Fair Credit Reporting Act was a substantial factor in causing her damages. The Plaintiff need not prove that the Defendant's failure to comply was the sole cause of his damages.

***SOURCE: See, Philbin v. Trans Union Corp., 101 F.3d 957, 968 (3d Cir. 1996); Guimond v. TransUnion Credit Info. Co., 45 F3d 1329, 1333 (9th Cir. 1995); Thompson v. San Antonio Retail Merchants Ass'n, 682 F2d 509, 513 (5th Cir. 1982); Dalton v. Capital Associated Indus., 257F.3d 409, 418 (4th Cir. 2001).***

**In order to recover damages, Plaintiff needs to prove that Defendant's breach of the Fair Credit Reporting Act directly caused his injuries.**

**SOURCE: *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1265 (S.D. Fla. 2009); *Jackson v. Equifax Info. Servs., LLC.*, 167 F. App'x 144, 146 (11th Cir. 2006); *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1304 (11th Cir. 2019); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638 (S.D. Ala. 2007); *Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 869 (11th Cir. 2018)**

**Actual Damages**

The Plaintiff has claimed that the Defendant's failure to comply with the Fair Credit Reporting Act caused him actual damages. Actual damages include economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, interference with his normal and usual activities, and emotional distress.

Though the Plaintiff is claiming that he was denied credit opportunities, he need not prove that he was denied credit in order to recover actual damages.

*SOURCE: See, Guimond v. Trans Union Credit Info. Co., 45 F3d 1329, 1333 (9th Cir. 1995); Thompson v. San Antonio Retail Merchants Ass'n, 682 F2d 509, 513 (5th Cir. 1982); Dalton v. Capital Associated Indus., 257 F.3d 409, 418 (4th Cir. 2001).*

**The Plaintiff has claimed that the Defendant's failure to comply with the Fair Credit Reporting Act caused him actual damages. Actual damages include: 1) the denial of or loss of opportunity to obtain credit tied directly to Defendant's alleged violation of the FCRA; 2) emotional distress resulting directly from Defendant's alleged violation of the FCRA; 3) out-of-pocket expenses or costs incurred resulting directly from the denial of credit or paying a higher insurance premium due to Defendant's alleged violation of the FCRA; and 4) damage to reputation caused directly by Defendant's alleged violation of the FCRA.**

Page **39** of **46**

*SOURCE: Rambarran v. Bank of Am., N.A., 609 F. Supp. 2d 1253, 1264 (S.D. Fla. 2009); Levine v. World Fin. Network Nat. Bank, 437 F.3d 1118, 1125 (11th Cir. 2006)*

**Punitive Damages**

You may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish the Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The Plaintiff has the burden of proving that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to

fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct. This includes whether the conduct that harmed the Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff in this case.

***SOURCE: See, Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-69,127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).**

**You may, but are not required to, award punitive damages.  The Plaintiff has the burden of proving that punitive damages should be awarded, and, if so, the amount of any such damages.**

**You may award punitive damages only if you find that the willfully failed to comply with the requirements imposed upon it by the FCRA. A violation of the FCRA is willful if a defendant violates the terms of the Act with knowledge or reckless disregard for the law. Recklessness means "conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."**

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct. This includes whether the conduct that harmed the Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff in this case.

*SOURCE: Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1336 (11th Cir. 2015), on reh'g sub nom. Collins v. Equable Ascent Fin., LLC, 781 F.3d 1270 (11th Cir. 2015). Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 71, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007); see also Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1310 (11th Cir. 2009)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FT. LAUDERDALE DIVISION

| | | |
|---|---|---|
| **FRANCISCO JAVIER PEREZ RAMONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **0:19-cv-062949-RNS** |
| | ) | |
| **v.** | ) | **Judge Scola** |
| | ) | **Mag. Judge Snow** |
| **AR RESOURCES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

We the Jury in the above-captioned matter find as follows:

**Question 1:**

Do you find that the Plaintiff, Mr. Ramones, proved that he sustained actual damages resulting from the Defendant's, AR Resources, negligent failure to comply with the Fair Credit Reporting Act?

ANSWER: Yes _____    No _____

**If your answer to Question 1 is "Yes", then you must determine the amount of actual damages to be awarded to Mr. Ramones**

We assess actual damages in the amount of $_____

**Question 2:**

Do you find that the Plaintiff, Mr. Ramones, proved that the Defendant's, AR Resources, violations of the FCRA were willful?

ANSWER: Yes _____    No _____

**If your answer to Question 2 is "Yes", then you must determine the amount of punitive damages to be awarded to Mr. Ramones**

We assess punitive damages in the amount of $_____

**Once you have reached a Verdict you should have the foreperson sign and date this Verdict Form, below, and notify the Court that you have reached a verdict.**

SO SAY WE ALL, this _____ day of September 2021.


_____
FOREPERSON

Respectfully submitted,

*/s/ David Marco*

David M. Marco

dmarco@smithmarco.com
SMITHMARCO, PC
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
(312) 546-6539
(888) 418-1277 Fax
**Counsel for Plaintiff**

*/s/ Charles McHale*

Charles James McHale , Jr.

cmchale@gsgfirm.com
GOLDEN SCAZ GAGAIN, PLLC
1135 Marbella Plaza Drive
Tampa, FL 33619
(813) 251-5500
**Counsel for AR Resources, Inc.**