United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Javier Perez Ramones, Plaintiff, | ) ) ) |
| v. | ) )  Civil Action No. 19-62949-Civ-Scola |
| Experian Information Solutions, LLC and others, Defendants. | ) ) ) |

## **Omnibus Order on ARR's Motion to Dismiss and the Parties' Motions in Limine**

This matter is before the Court upon Defendant AR Resources, Inc.'s motion to dismiss for lack of standing (ECF No. 120), as well the Defendant's renewed motion in limine (ECF No. 115) and the Plaintiff's motion in limine (ECF No. 114). As to the motion to dismiss, the Plaintiff responded (ECF No. 127), and the Defendant replied (ECF No. 134). The Defendant's renewed motion in limine was also fully briefed; the Plaintiff filed a response on July 28, 2021 (ECF No. 116) and the Defendant submitted a reply on August 4, 2021 (ECF No. 118). As to the Plaintiff's motion in limine (ECF No. 114), the Defendant did not respond, despite having the opportunity to do so. Having considered the parties' briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion to dismiss (**ECF No. 120**), **grants** the Plaintiff's motion in limine (**ECF No. 114**), and **grants in part and denies in part** the Defendant's renewed motion in limine (**ECF No. 115**).

1. **Motion to Dismiss**

    A. **Background**

The parties are familiar with the facts of the case. As relevant here, the Plaintiff, Francisco Javier Perez Ramones, alleges that the Defendant,[1] AR Resources, Inc. ("ARR"), violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, for reporting certain debts to Credit Reporting Agencies ("CRAs") and representing that those debts belonged to Ramones. (ECF No. 83 at ¶ 45.) However, the debts at issue belonged to Ramones's father, Francisco

---

[1] The Plaintiff settled with Defendants Trans Union, LLC (ECF No. 40) and Experian Information Solutions, LLC (ECF No. 45).

Perez Gonzalez. (*Id.* at ¶¶ 18, 33.) Ramones disputed the inaccurate information with CRAs. (*Id.* at ¶¶ 22, 37.)

ARR, a collection agency, received notice of Ramones's disputes and investigated. (*Id.* at ¶¶ 25–26, 40–41.) ARR transmitted the results of its investigation back to the CRAs, which updated the Plaintiff's accounts at issue using the information provided by ARR. (*Id.* at ¶¶ 26–27, 41–42.) The inaccurate reports have been reviewed by third parties and have caused harm to the Plaintiff. (*Id.* at ¶¶ 19–21, 34–36, 46.)

### B. Legal Standard

ARR raises a challenge to subject-matter jurisdiction, bringing a facial attack on the Amended Complaint and alleging that there is no jurisdiction. (ECF No. 120 at 1.) Facial challenges to subject-matter jurisdiction are based solely on the allegations in a complaint. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Thus, courts will "look at the face of the complaint and determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatssen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999) (citations omitted).

### C. Analysis

ARR contends that Ramones has not established Article III standing. Standing is the *sine qua non* of federal courts—federal courts only have jurisdiction where there is a "case" or "controversy" within the meaning of Article III. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). Establishing standing is of such importance that it can be raised at any time by any party—even by the court on its own. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]"); *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020).

To establish standing, a plaintiff must show an "injury in fact" (1) that is "concrete, particularized, and actual and imminent"; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a court. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61). ARR only challenges whether Ramones has adequately shown a concrete injury sufficient to confer standing. (ECF No. 120 at 8.)

ARR's motion falls short. ARR seeks to require Ramones to adequately allege every element of defamation (a claim that Ramones hasn't brought, no

less) in order to establish standing. (ECF No. 120 at 8.) In other words, ARR argues that bringing a claim under the FCRA requires Ramones to "state[] a claim" for defamation under Rule 8(a)(2), which requires alleging "a plausible claim that every element of the cause of action is satisfied." *Sargeant v. Maroil Trading Inc.*, No. 17-81070-CIV, 2018 WL 3031841, at *8 (S.D. Fla. May 30, 2018) (Reinhart, Mag. J.).

But in so arguing, ARR conflates the requirements of showing a concrete injury for standing with Rule 8(a)(2)'s requirements for stating a claim. These are separate inquiries. For purposes of standing, a plaintiff must "plausibly and clearly allege a concrete injury." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). And to allege a concrete injury, a plaintiff must "clearly and specifically set forth facts"; "[m]ere conclusory statements do not suffice." *See Muransky*, 979 F.3d at 924–25; *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1337–38 (11th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This standard is different than that set out by the Supreme Court in *Twombly* and *Iqbal*, which set forth the rules to "state[] a claim" and "show[]" an entitlement to relief—in other words, to survive a motion to dismiss under Rule 12(b)(6). *See* Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 678–79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The Eleventh Circuit in *Muransky* pointed to *Twombly* and *Iqbal* only in so far as those decisions define what it means to "plausibly . . . allege."[2] *Muransky*, 979 F.3d at 924 (citing *Iqbal*, 556 U.S. at 678–79 and *Twombly*, 550 U.S. at 555–56). Those citations do not import Rule 8(a)(2)'s requirements into an Article III standing analysis. Otherwise, courts would be required to *sua sponte* conduct an inquiry to determine whether Rule 8(a)(2) has been met and whether a plaintiff pled every element of each cause of action, even if without a motion brought under Rule 12(b)(6).

Turning to the facts of this case, ARR relies on the Supreme Court's recent opinion in *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021). Specifically, ARR argues that because Ramones has not pled, as a matter of law, the elements of defamation (a "traditionally recognized" harm with a "close

---

[2] ARR also points to *Trichell* for support. (ECF No. 134 at 5.) However, the court in *Trichell* did not hold that the failure to allege every element of a common-law tort—the harm of which bears a "close relationship" to the harm actually asserted—was fatal to establishing standing. Rather, the court held that the mere allegation that certain collection letters were misleading, without more (such as concomitant allegations of the "bedrock elements" of reliance *or* damages) failed to allege a sufficient "injury in fact" under the Fair Debt Collection Practices Act. *Trichell*, 964 F.3d at 998; *see also Susinno v. Work Out World Inc.*, 862 F.3d 346, 350–51 (3d Cir. 2017) (holding that a "close relationship exist[s] even [if] the conduct alleged would not have given rise to a cause of action under common law").

relationship" to the harm pled under the FCRA), Ramones can have no standing. (ECF No. 120 at 7.) Specifically, ARR argues that Ramones has not pled that there was publication (an element of defamation), as the publication here was allegedly invited. (ECF No. 120 at 8); *see also Litman v. Mass. Mut. Life Ins. Co.*, 739 F.2d 1549, 1560 (11th Cir. 1984) (noting that the issue of "invited defamation" is treated as a failure to allege publication, an element of slander).

Of course, Ramones has not brought a claim for defamation. Nor did ARR raise the issue of invited publication prior to responding to the Amended Complaint. In any event, ARR's argument is a red herring. As explained above, a plaintiff need not plead every element of a cause of action to establish a concrete injury. *See Muransky*, 979 F.3d at 931 (warning against "hammering square causes of action into round torts"). To adequately allege a concrete injury, a plaintiff need only "plausibly and clearly allege a concrete injury." *Muransky*, 979 F.3d at 924. A plaintiff need not "state[] a claim" or "show[]" entitlement to relief under *Twombly* and *Iqbal* simply to establish standing.

The Supreme Court in *Ramirez* did not change this rule. Nor did *Ramirez* hold that an FCRA plaintiff must adequately allege every element of a tort not-pled just because the harm "traditionally recognized" in that tort bears a "close relationship" to the actually-asserted harm. *See Ramirez*, 141 S.Ct. at 2204. Indeed, the Court did not require the harm alleged to be an "exact duplicate," so the elements need not be an exact duplicate either. *See id.* at 2209.

In all, this is an easy matter. The Supreme Court in *Ramirez* already recognized that the harm claimed here is sufficient for standing. The Court held that it had "no trouble" finding that plaintiffs pled a concrete injury when they alleged that a CRA provided third parties with misleading information. *See Ramirez*, 141 S.Ct. at 2209. The Court held that such harm was adequate for standing because the alleged harm bore a "sufficiently close relationship" to a "traditionally recognized" harm, namely the injury arising from a defamatory statement. *Id.* Similarly, Ramones alleged that he submitted a dispute, which was then investigated by ARR, and that ARR submitted the results of its investigation, which contained false information, to third parties. (*See* ECF No. 83 at ¶¶ 24–27, 39–42, 45.) This, as recognized in *Ramirez,* is a concrete harm. *See Ramirez,* 141 S.Ct. at 2209.

The Court notes that ARR's proposed rule to establish standing would render the Section 1681s-2(b) of the FCRA inaccessible to swaths of individuals who dispute incorrect information and cause an investigation into that inaccuracy. Such a rule would defeat the purpose of the FCRA and render a concrete harm—the provision of false or misleading credit information to third parties—no longer actionable.

For the reasons above, the Court **denies** the Defendant's motion to dismiss. (**ECF No. 120**.)

### 2. Plaintiff's Motion in Limine

On July 13, 2021, the Plaintiff filed the motion in limine (ECF No. 114), seeking to exclude argument and evidence as to: (I) any witness's residential or immigration status; (II) any settlements, lawsuits, or claims; (III) the Defendant's putative affirmative defense concerning bona fide error; (IV) any attorney's fees or costs; (V) any witness who lacks personal knowledge of the facts testified to; and (VI) any opinion testimony by a witness who has not been designated and admitted as an expert. (ECF No. 114.) The Defendant only objects to the third motion in limine. However, the Defendant did not file a response to the motion. The Court **grants** the motion in limine. (**ECF No. 114**.)

The parties all agree to exclude argument and evidence as to motions in limine I, II, IV, V, and VI, and therefore those are **granted**. Additionally, the Court **grants** motion in limine III; the "bona fide" defense does not appear in ARR's answer (ECF No. 86). *See Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.*, No. 20-cv-23251-BLOOM/Louis, 2021 WL 86776, at *8 n.10 (S.D. Fla. Jan. 11, 2021) (Bloom, J.) ("[W]here a party files an amended pleading, the original pleading is no longer the operative pleading in the case."). In any event, the "bona fide" defense is not applicable to claims under the FCRA, and therefore the Court will not permit such an argument. *See Robinson v. Nat'l Credit Sys., Inc.*, No. 2:17-cv-386-FTM-99CM, 2018 WL 1877462, at *4 (M.D. Fla. Apr. 19, 2018) ("The bona fide defense is available under the FDCPA and the FCCPA, but not under the FCRA.").

In total, the Court **grants** the Plaintiff's motion in limine. (**ECF No. 114**.)

### 3. Defendant's Motion in Limine

On July 13, 2021, the Defendant filed a renewed motion in limine (ECF No. 115), seeking to exclude argument and evidence as to: (I) credit reports not produced during discovery; (II) credit reports and other documents received from CRAs if used for hearsay purposes; (III) damages suffered by the Plaintiff regarding his credit rating, credit score, or credit reputation; (IV) undisclosed witnesses; (V) documents received from third parties if used for hearsay purposes; (VI) damages related to the Plaintiff's alleged emotional distress, physical distress, and medical expenses; (VII) testimony intended to elicit prejudice, sympathy, or excessive emotion from the jury; and (VIII) testimony asking the jury to put itself in the place of the Plaintiff. (ECF No. 115.) The Plaintiff filed a response, objecting to all but the last motion in limine. (ECF

No. 116.) The Defendant filed a reply in support of its motion. (ECF No. 118.) The Court **grants in part** and **denies in part** the Motion. (**ECF No. 115**.)

As the parties agree as to motion in limine VIII, the Court **grants** motion in limine VIII. Moreover, ARR withdrew motion in limine VII; therefore, the Court will **deny without prejudice** motion in limine VII. The Court will turn to the rest in turn.

### A. Legal Standard

A motion in limine is made before a trial has begun for the purpose of excluding or including certain evidence. *See* 20 Am. Jur. Trials 441 § 2 (1973). In limine rulings are not binding on a trial court and remain subject to reconsideration during trial. *Stewart v. Hooters of Am., Inc.*, 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). The purpose of a motion in limine is to give the trial judge notice of the movant's position in order to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. *Id.* Courts only have the power to exclude evidence in limine if that evidence is "clearly inadmissible on all potential grounds." *Id.*

### B. Motion in Limine I

The Court **denies without prejudice** motion in limine I. ARR seeks to exclude all credit reports that were not produced, on the basis that those credit reports are not self-authenticating and that Ramones would need a witness from a CRA to establish that the reports fall within the business-records exception to the hearsay rule. (ECF No. 115 at 4–5.) However, the Court will not forbid any and every use of such credit reports before it is known for what purpose such reports will be used. *See Powers v. Target Corp.*, No. 19-cv-60922-BLOOM/Valle, 2020 WL 1986968, at *7 (S.D. Fla. Apr. 27, 2020). The Plaintiff has represented that it does not know for what purpose it may use credit reports that were not produced. (ECF No. 116 at 5.) Therefore, *Gannon* is not applicable, as the plaintiff in *Gannon* explicitly sought to admit credit reports using the business-records exception. *See Gannon v. IC Sys., Inc.*, No. 09-60302-CIV, 2009 WL 3199190, at *1–2 (S.D. Fla. Sept. 25, 2009) (Cohn, J.). If Ramones attempts to use a credit report that has not been authenticated for a purpose that would require an exception to the hearsay rule, ARR can raise this objection at that time. *See Zurich Am. Ins. Co. by Md. Cas. Co. v. European Tile and Floors, Inc.*, No. 8:16-cv-729-T-AAS, 2017 WL 3582744, at *3 (M.D. Fla. Aug. 18, 2017) ("Rather than explore every possible hypothetical in a preemptive attempt to address admissibility, the Court will be in a better position to address hearsay challenges at trial.").

### C. Motion in Limine II

The Court **denies without prejudice** motion in limine II. ARR again asks the Court to exclude evidence—namely, credit reports or other documents received from third parties—that could be used for hearsay purposes. (ECF No. 115 at 6.) However, the Plaintiff has represented that he will not use these documents, to the extent known, to prove the truth of the matter asserted. (ECF No. 116 at 6.) If an authenticated document is used for a non-hearsay purpose, there is no need for a records custodian to testify regarding the procedures used to create the record, as the business-records exception to the hearsay rule would not be implicated. If Ramones attempts to use a document in a manner that would require authentication or the testimony of a custodian, ARR can raise this argument at that time. *See Zurich Am. Ins.*, 2017 WL 3582744, at *3.

### D. Motion in Limine III

The Court **denies without prejudice** motion in limine III. ARR argues that evidence or testimony regarding Ramones's damages to his credit rating, credit score, or credit reputation (such as that he was denied credit or forced to pay a higher rate of interest) is irrelevant and hearsay. (ECF No. 115 at 7–9.) First, the Court finds that this potential evidence is relevant, as Ramones can recover actual damages under the FCRA. *See Gannon*, 2009 WL 3199190, at *2; Fed. R. Evid. 401. And the Court will not foreclose Ramones from introducing testimony regarding damages on the theory that certain testimony *could* be used in a manner that would implicate the rules against hearsay. *See Zurich Am. Ins.*, 2017 WL 3582744, at *3. Ramones represented that he intends to offer testimony regarding damages to his credit rating for a non-hearsay purpose, such as to show his state of mind when he received adverse action letters and the effect of such letters on him. (ECF No. 116 at 7.) If Ramones introduces testimony that constitutes hearsay, then ARR can raise this argument at that time.

### E. Motion in Limine IV

The Court **denies without prejudice** motion in limine IV. ARR argues for the exclusion of any evidence from undisclosed witnesses or documents pursuant to Federal Rules of Civil Procedure 26(a) and 37(c). (ECF No. 115 at 9–11.) However, "[m]otions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial[.]" *Powers*, 2020 WL 1986968, at *7. If Ramones attempts to introduce evidence from an undisclosed witness or documents, then ARR can renew this

motion, and the parties would have the benefit of a more specific objection in order to determine whether the undisclosed witnesses or documents fell within Rule 26(a)(1)(A) and whether the failure to disclose, if any, was substantially justified or harmless under Rule 37(c).

### F. Motion in Limine V

The Court **denies without prejudice** motion in limine V. ARR argues that Ramones will utilize documents received from third parties Phoenix Financial Services, FinWise Bank c/o Lending Point LLC, and Westside Regional Medical Center, which ARR believes will implicate the hearsay-within-hearsay rule. (ECF No. 115 at 11–12.) As noted above, "[m]otions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial[.]" *Powers*, 2020 WL 1986968, at *7. Documents produced by the third parties above may be subject to the hearsay rule, although Ramones may use these documents for a non-hearsay purpose, as he argues. "Rather than explore every possible hypothetical in a preemptive attempt to address admissibility, the Court will be in a better position to address hearsay challenges at trial." *Zurich Am. Ins.*, 2017 WL 3582744, at *3.

### G. Motion in Limine VI

The Court **denies without prejudice** motion in limine VI. The parties dispute the evidentiary requirement necessary to make a claim for emotional distress damages under the FCRA. (ECF No. 115 at 12–16; ECF No. 116 at 10–13.) ARR argues that testimony regarding emotional damages should be excluded because Ramones has not put forward a medical expert. (ECF No. 115 at 12.) Ramones argues that plaintiffs may recover emotional-distress damages under the FCRA and that expert testimony is not required. (ECF No. 116 at 12–13.)

The Court holds that a plaintiff's testimony alone can be sufficient to claim emotional-distress damages under the FCRA and that an expert is not required. The Eleventh Circuit's decision in *Marchisio* is instructive, if not determinative. *See Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288 (11th Cir. 2019). In *Marchisio*, the plaintiff sought to recover, in part, emotional-distress damages that resulted from the defendant's inaccurate reporting of the plaintiff's debt. *Id.* at 1295–96. This had been the second time that the defendant inaccurately reported the plaintiff's debt—the first instance resulted in an earlier suit and settlement. *Id.* at 1295. The Eleventh Circuit reversed a grant of summary judgment in favor of the defendant, holding that the plaintiff had adequately established emotional distress as it related to the

first inaccurate reporting and remanding to the district court to determine whether the plaintiff also established an "exacerbat[ion]" of his emotional distress following the second inaccurate reporting. *Id.* at 1304. In particular, the court recognized that the plaintiff had established his emotional distress as to the first incident based only on the plaintiff's testimony. *Id.* While not as explicit as some may like, *Marchisio* "necessarily concluded that [a plaintiff's testimony] of emotional distress was sufficient[.]" *Otwell v. Home Point Fin. Corp.*, No. 4:19-cv-01120-ACA, 2021 WL 2587964, at *3 (N.D. Ala. Apr. 23, 2021).

Therefore, the Plaintiff need not provide expert testimony or abundant corroborating evidence of emotional distress. The Plaintiff's testimony alone can be sufficient, and therefore the Court **denies without prejudice** motion in limine VI.

### 4. Conclusion

For the reasons stated above, the Court **denies** the Defendant's motion to dismiss (**ECF No. 120**), **grants** the Plaintiff's motion in limine (**ECF No. 114**), and **grants in part and denies in part** the Defendant's renewed motion in limine (**ECF No. 115**).

**Done and ordered**, at Miami, Florida, on September 3, 2021.

Robert N. Scola, Jr.
United States District Judge