# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO. 19-62949-CIV-RNS (SEITZ)

FRANCISCO JAVIER PEREZ RAMONES,

      Plaintiff,

v.

AR RESOURCES, INC.,

      Defendant.

_____/

Members of the jury:

It's now my duty to instruct you on the rules of law that you must follow in deciding this case.

Each one of you has your own individual copy of the jury instructions on your seat. You can read along with me or you can just listen. You also can write on it. This is your personal copy of the jury instructions for you to have for the rest of the trial to assist in reaching your verdict.

After I've completed these instructions, you will hear counsels' closing arguments. Once counsel have completed their arguments, I will instruct you to go to the jury room and begin your discussions — what we call your deliberations.

## Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinions about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decisions about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. No witnesses or exhibits are required to prove these facts. You must treat these facts as proved for this case.

The parties have stipulated to seventy (70) facts. You have been provided a copy of those stipulations.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Absent witness**

When a witness is peculiarly within the control of one party and the witness' testimony would be relevant to facts in issue, the party's failure to present testimony from that witness, may give rise to an inference that the witness' testimony would have been unfavorable to that party.

## Use of Depositions

During this trial, the depositions of certain witnesses were presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**Reminder Re: Notetaking**

You've been permitted to take notes during the trial. Most of you, perhaps all of you, have taken advantage of that opportunity. You must use your notes only as a memory aide during your deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

### Responsibility for Proof – Plaintiff's Claim – Greater Weight of the Evidence

In this case, it is the responsibility of Francisco Javier Perez Ramones to prove every essential part of his claim that he suffered injury when AR Resources, Inc., violated the Fair Credit Reporting Act ("FCRA") by a "greater weight of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "greater weight of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Ramones' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a greater weight of the evidence, you should find against Mr. Ramones.

In deciding whether any fact has been proved by a greater weight of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Ramones' claim by a greater weight of the evidence, you should find for AR Resources, Inc., as to that claim.

### Requirements of the FCRA

The Fair Credit Reporting Act requires that credit reporting agencies, and furnishers of information like Defendant AR Resources, Inc., adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this Act.

The requirements of the Fair Credit Reporting Act applicable in this case are as follows:

After receiving notice of a consumer dispute from one of the credit reporting agencies, a furnisher of information, like Defendant AR Resources, Inc., must:

> (1) conduct an investigation with respect to the disputed information;
>
> (2) review all relevant information provided by the consumer reporting agency in connection with the dispute; and,
>
> (3) report the results of the investigation to the consumer reporting agency.

The second requirement of the Fair Credit Reporting Act applicable in this case is as follows: If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation, then AR Resources, as the furnisher of that information must: (1) modify that item of information; (2) delete that item of information; or (3) permanently block the reporting of that item of information.

11

This Court has already found that the Defendant AR Resources, Inc., failed to undertake a reasonable investigation of the Plaintiff's account disputes.  You must take this determination as to liability as established and not second guess the Court's conclusion on this issue.

As such, your sole responsibility in this matter is to determine:

- What, if any, actual damages the Plaintiff sustained because of the Defendant's failure to undertake a reasonable investigation of the Plaintiff's disputes;

- Whether the Defendant was negligent or willful in failing to undertake a reasonable investigation, and

- If you find Defendant's failure was willful, whether an award of statutory and punitive damages is appropriate.

The next three pages will assist you in determining whether the Defendant's failure to undertake a reasonable investigation was simply negligent, which precludes an award of punitive damages, or willful, which allows, but does not require, the jury to award punitive damages.

## Definitions

<u>Negligent Conduct</u>:

A person or entity acts negligently if the person or entity fails to do something that a reasonably prudent person would do or does something that a reasonably prudent person would not do, under the circumstances that existed.

<u>Willful Conduct</u>: *NO ACTION IS AN ACTION*

Willful means that Defendant intentionally performed an act that violates the Fair Credit Reporting Act, and it did so either with knowledge that its act violated the Fair Credit Reporting Act, or in reckless disregard of the Fair Credit Reporting Act.

"Reckless disregard" means an "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" You do not need to find that Defendant acted with malice or an evil motive in order to find that it acted willfully.

13

## Duty to Conduct a Reasonable Investigation

As I said earlier, under the Fair Credit Reporting Act, Credit Reporting Agencies, such as Trans Union and Experian, and entities that furnish information to consumer reporting agencies, such as the Defendant, are required to conduct a reasonable investigation of disputed information. Thus when a Credit Reporting Agency receives a dispute, the Credit Reporting Agency must notify Defendant as furnisher of that information that the information has been disputed and the Defendant furnisher must then undertake a reasonable investigation to determine if the information is accurate or if instead it is inaccurate or incomplete or cannot be verified.

Where the latter occurs, the furnisher such as Defendant AR Resources, Inc., must modify, delete, or permanently block the reporting, and the Credit Reporting Agency must undertake a similar action. Whether an investigation is reasonable will vary depending on the circumstances of the case as well as the status of the furnisher—as an original creditor, a collection agency collecting on behalf of the original creditor, a debt buyer, or a down-the-line buyer and on the quality of the documentation available to the furnisher.

Verification of disputed information requires some degree of careful inquiry by furnishers of information, such as Defendant, and when a furnisher does not already possess evidence establishing that an item of disputed information is true, the Fair Credit Reporting Act requires the furnisher to seek out and obtain such evidence before reporting the information as verified.  Under certain circumstances it will not

be reasonable for a furnisher to simply look at the information contained in its own systems when undertaking an investigation under the Fair Credit Reporting Act.

The Fair Credit Reporting Act does not impose an unduly burdensome investigation requirement on furnishers; rather it presents them with a choice regarding how they handle disputed information.

First, a furnisher can conduct a reasonable investigation by, among other things, uncovering documentary evidence which allows them to verify the disputed information and report to the consumer reporting agencies that the information is correct. If a furnisher chooses this course of action, whether they have acted reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true.

The second way a furnisher can satisfy the Fair Credit Reporting Act is to conduct an investigation and conclude, based on that investigation, that the disputed information is unverifiable. Furnishers can avail themselves of this option if they determine that the evidence necessary to verify disputed information either does not exist or is too burdensome to acquire. The furnisher must then notify the Credit Reporting Agency that the information cannot be verified. The question of whether a furnisher acted reasonably undertaking this course of action will turn on whether the furnisher reasonably determined that investigation would be "fruitless or unduly burdensome.

## Actual Damages

The Plaintiff claims that the Defendant's failure to comply with the Fair Credit Reporting Act caused him actual damages.

In order to recover damages, plaintiff need only show by the greater weight of the evidence that the Defendant's failure to comply with the Fair Credit Reporting Act was a substantial factor in causing his damages. The Plaintiff need not prove that the Defendant's failure to comply was the sole cause of his damages.

Actual damages include out of pocket damages, such as economic loss, denial of credit, lost opportunity to receive credit, as well as, more amorphous damages such as damage to reputation, interference with normal and usual activities, and emotional distress.

## Damages for Willful Violation of the FCRA

Any person who willfully violates the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of: (1) any actual damages sustained by the consumer or statutory damages of not less than $100 and not more than $1,000; and, (2) such amount of punitive damages as you believe to be appropriate.

## Punitive Damages

If you find the Defendant's violation of the FCRA was willful, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish the Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff. The Plaintiff has the burden of proving that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct. This includes whether the conduct that

harmed the Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff in this case.

### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Mr. Ramones' damages should not be interpreted in any way as an indication that I believe that he should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson; Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as a foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict.]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then, you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

FRANCISCO JAVIER PEREZ RAMONES,     )
                                    )
               Plaintiff,           )        0:19-cv-062949-RNS
                                    )            (SEITZ)
        v.                          )
                                    )
AR RESOURCES, INC.,                 )
                                    )
               Defendant.           )

## VERDICT FORM

We the Jury in the above-captioned matter find as follows:

**Question 1:**

Do you find that the Plaintiff, Mr. Ramones, proved that he sustained actual damages resulting from the Defendant's, AR Resources, failure to comply with the Fair Credit Reporting Act?

ANSWER: Yes __✓__   No ___

**If your answer to Question 1 is "Yes", then you must determine the amount of actual damages to be awarded to Mr. Ramones.**

We assess actual damages in the amount of $ __80,000__

**Question 2:**

Do you find that the Plaintiff, Mr. Ramones, proved that the Defendant's, AR Resources, violation of the Fair Credit Reporting Act was willful?

ANSWER: Yes __✓__   No ___

**If you answered "Yes" to Question 2 and answered "No" to Question 1, then you must award statutory damages to Mr. Ramones of no less than $100 and no more than $1,000.**

We assess statutory damages in the amount of $__0__

If you answered "Yes" to Question 2, then you must also determine the amount of punitive damages to be awarded to Mr. Ramones, if any.

We assess punitive damages in the amount of $ 

Once you have reached a Verdict you should have the foreperson sign and date this Verdict Form, below, and notify the Court that you have reached a verdict.

SO SAY WE ALL, this _____ day of September 2021.

**SAMPLE**

FOREPERSON SIGNATURE

_____

FOREPERSON PRINTED NAME