UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:19-62949-RNS

FRANCISCO JAVIER PEREZ
RAMONES,

     **Plaintiff,**

  v.

EXPERIAN INFORMATION
SOLUTIONS, LLC, TRANS UNION, LLC
AND AR RESOURCES, INC.,

     **Defendants.**

_____/

## DEFENDANT AR RESOURCES, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR AWARD OF COSTS

  Defendant AR Resources, Inc. ("ARR") hereby responds in opposition to the Motion for Award of Costs filed by Plaintiff Francisco Javier Perez Ramones ("Plaintiff") as follows:

**I.**  **BACKGROUND**

  Judgment was entered in favor of Plaintiff on September 23, 2021. D.E. 149. Plaintiff now seeks an award of costs pursuant to Fed. R. Civ. P. 54(d)(1) as the prevailing party for the total amount of $8,665.82, consisting of: (1) $400.00 in fees to the Clerk; (2) $55.00 for service of process; (3) $2,165.05 for the cost of subpoenaed documents; (4) $4,140.15 for deposition transcripts; (5) $382.12 for copying fees; (6) $997.50 for mediation costs; and (7) $526.00 for "interpreting" services incurred relative to persons hired by Plaintiff to read deposition transcripts at trial. *See generally* D.E. 160-1. For the reasons explained in more detail below, Plaintiff's motion should be denied due to Plaintiff's failure to comply with Local Rule 7.3. Alternatively, an award of costs should be reduced by $6,688.82, as Plaintiff has not demonstrated entitlement to

1

$1,234.05 in costs associated with subpoenaed records, $3,549.15 in costs associated with transcripts or any of the costs for copying, mediation or "interpreting" services.

## II.    STANDARD

A prevailing party is entitled to recover costs unless directed otherwise by a court, federal rules or statute. Fed. R. Civ. P. 54(d)(1). Awardable costs are limited to those categories set forth in 28 U.S.C. § 1920. *See Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). "Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable." *Tejeda v. Swire Props., Inc.*, 2019 U.S. Dist. LEXIS 221427, *7 (S.D. Fla. Dec. 26, 2019), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 38146 (S.D. Fla. Mar. 5, 2020).

## III.    ARGUMENT

### A.   *Plaintiff has not Satisfied All of the Prerequisites for an Award of Costs.*

Local Rule 7.3 requires, among other things, that an application for a bill of costs "be supported by a memorandum not exceeding ten (10) pages." S.D. Fla. L.R. 7.3(c); *see also Tejeda*, 2019 U.S. Dist. LEXIS 221427 at *12 ("Rule 7.3 sets forth six requirements in filing a motion for bill of costs" including a "supporting memorandum"). Here, Plaintiff filed a Bill of Costs on Form AO 133 (D.E. 160-1 at p. 2-3) and provided supporting documentation for many of the costs requested but failed to file a supporting memorandum. "Because there is no supporting memorandum as required under the Local Rules, Defendant's motion for bill of costs could be denied in toto." *Tejeda*, 2019 U.S. Dist. LEXIS 221427 at *12. Given clear authority for denial in the absence of a supporting memorandum, ARR respectively requests that the Court do so here. *Id.* (citing *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2018 U.S. Dist. LEXIS 168101, *5

(S.D. Fla. Sept. 27, 2018) (denying motion for costs "[b]ecause there is no supporting memorandum as required under the Local Rules");[1] *Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, *43 (S.D. Fla. Sept. 26, 2012) ("Local Rule 7.3(a) requires that costs taxable under 28 U.S.C. § 1920 shall be sought by a party filing a bill of costs in a specific form, or in a substantially similar form, along with a supporting memorandum, and Plaintiff has failed to do so.")).

B. *Plaintiff Has Not Demonstrated Entitlement to $1,234.05 Associated with Subpoenaed Documents.*[2]

Plaintiff failed to attach any supporting documentation for his request for $27.00 purportedly incurred on May 27, 2020, and $958.90 purportedly incurred on August 25, 2020, both in connection with Ciox Health subpoenaed documents. As this is in direct contradiction to his obligations under Local Rule 7.3 and the absence of the records prevents this Court from analyzing the necessity and reasonability of his request, his motion should be denied as a matter of law with respect to these requests. *See* S.D. Fla. L.R. 7.3(c) ("The bill of costs shall attach copies of any documentation showing the amount of costs . . . ."); *see also Berenguela-Alvarado v. Castanos*, 2020 U.S. Dist. LEXIS 231085, *22 (S.D. Fla. Dec. 8, 2020) (not recommending award of costs where prevailing party failed to submit "backup documentation"), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 244105 (S.D. Fla. Dec, 29, 2020).

---

[1] This denial was rendered moot upon the reversal of the dismissal of the plaintiff's complaint by the Eleventh Circuit in *MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305 (11th Cir. 2020).

[2] Plaintiff includes $2,165.05 for subpoenaed documents as costs associated with "service" in Form AO 133, when in reality such costs should have been disclosed as "fees and disbursements for printing" and/or "costs of making copies . . . . necessarily obtained for use in the case." *See* D.E. 160-1 p. 2, 4.

Furthermore, labor costs and mailing costs are not taxable. *See Selma Hous. Dev. Corp. v. Selma Hous. Auth.*, 2005 U.S. Dist. LEXIS 48073, *23-24 (S.D. Ala. Oct. 24, 2005) (denying reimbursement of labor costs billed by third party subpoena respondents "for time spent locating, gathering and organizing documents" and mailing costs billed by respondents because "such fees are not taxable" under § 1920 as they are neither for copying nor printing). Here, the entirety of the Wells Fargo invoice of $222.25 is comprised of labor and delivery costs. *See* D.E. 160-1 at p. 9. Accordingly, none of that expense is taxable under § 1920. Similarly, the "Basic Fee," "Shipping" Fee, and "Certification Fee" totalling $25.90 charged as part of the Ciox Health Invoice are not recoverable under § 1920 as they do not fall under printing or copying costs.

   *C.  $3,549.15 of Transcript Fees are Not Recoverable.*

Transcript costs are recoverable if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "However, when the costs of an expedited transcript is incurred solely for the convenience of counsel, it is not taxable." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, 2019 U.S. Dist. LEXIS 66236, *8 (S.D. Fla. Apr. 17, 2019); *see also In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978) ("This additional expense [associated with expedited transcripts] was for the convenience of the defendants and was, by no means, indispensable. Therefore, this award was an abuse of discretion."). Plaintiff seeks to recoup a total of $1,237.95 in expedited transcript fees for four (4) separate witnesses. *See* D.E. 160-1 at p. 10-11 ($620.55 for R. Alford Tran., $212.10 for N. Macrone Tran., $308.70 for L. Lesane Tran., $96.60 for M. Davis Tran.). Plaintiff, however, has failed to make any demonstration as to the need for expedited transcripts. Nor does the record support any such need given Plaintiff could have deposed the four (4) witnesses earlier. Indeed, the record reflects that even with respect to Lisa Lesane, Nieves Macrone and Melody Davis, whom ARR initially declined to present for deposition, Plaintiff

waited a month to move to compel and to meet and confer regarding those depositions thereby pushing the deposition dates closer to the close of discovery. *See* D.E. 46 at p. 4, 6; D.E. 49. Under such circumstances, the Court should not award costs for the requested expedited fees. *See e.g.*, *Kearney v. Auto-Owners, Ins. Co.*, 2010 U.S. Dist. LEXIS 54801, *6 (M.D. Fla. May 10, 2010) ("[Prevailing party] could have deposed many of the witnesses earlier, which would have eliminated the need to order expedited transcripts. Therefore, the Court will not tax the costs of expedited or rough draft transcripts for the following six witnesses. . . ."); *Licausi v. Symantec Corp.*, 2009 U.S. Dist. LEXIS 95417, *10 (S.D. Fla. Sept. 29, 2009) (expedited costs may be allowed only "upon a showing of need or extraordinary circumstance to justify the expense").

Similarly, Plaintiff has not and cannot establish that the remote video-conference technician and editing costs totalling $740.00 were necessarily incurred rather than for the convenience of counsel, particularly given that no video was ever introduced at trial. *See Shannon v. AMTRAK,* 2019 U.S. Dist. LEXIS 198410, *7-8 (S.D. Fla. Nov. 14, 2019) (video-streaming deposition costs not recoverable "because such costs were incurred solely for the convenience of counsel"). Indeed, the $550.00 in requested fees stemming from the technician are analogous to a video technician at trial, which fees the Eleventh Circuit has found are non-recoverable under § 1920. *See Tech. Res. Servs. v. Dornier Med. Sys.*, 134 F.3d 1458, 1468 (11th Cir. 1998) (vacating award of videographer expenses at trial); *Al-Ghena Int'l v. Radwan*, 2016 U.S. Dist. LEXI 192472, *7 (S.D. Fla. July 21, 2016) ("This Circuit has held that expenses incurred in connection with the presentation of videotaped evidence, including videographers . . . are not taxable costs under § 1920."). Because Plaintiff makes no effort to explain or justify this remote deposition expense, this Court should conclude that the expense was for the convenience of counsel and refuse to tax the cost to ARR. *See e.g.*, *Patsalides v. City of Fort Pierce*, 2017 U.S. Dist. LEXIS 154375, *14-15

(S.D. Fla. Sept. 20, 2017) ("Defendant makes no effort to explain or justify [the $175 "cameo/zoom" expense relative to deposition]. As such, this Court must assume that this expense was for the convenience of counsel and should not be taxed against Plaintiff.").

Finally, Plaintiff cannot justify the $4.20 per page cost for transcribing the depositions. *See* D.E. 160-1 at p. 10-11. A more "appropriate price" would be $1.00 per page. *See Romero v. Regions Fin. Corp./Regions Bank*, 2019 U.S. Dist. LEXIS 176377, *6-7 (S.D. Fla. Oct. 9, 2019) (rejecting $4.25 per page cost of transcription as "abnormally high" and reducing the price to $1.00 per page as a "more appropriate price"). Reducing the costs per page to $1.00 for the transcription services results in an additional reduction of $1,571.20 from the requested transcription costs.

### D.  Plaintiff has Failed to Satisfy Burden of Proof Relative to $382.12 in Copying Costs.

"Unlike other types of costs, the prevailing party carries the burden of establishing entitlement to photocopying expenses." *Kearney*, 2010 U.S. Dist. LEXIS 54801 at *14; *Smith v. Royal Caribbean Cruises, Ltd.*, 2015 U.S. Dist. LEXIS 178878, *8 (S.D. Fla. Apr. 14, 2015) ("The burden of establishing entitlement to photocopying expenses lies with the prevailing party."). Although Plaintiff suggests that photo-copying expenses stem from the trial exhibit binders, there is no sworn statement, submitted under penalty of perjury, attesting to the accuracy of the printing costs for such use,[3] the number of exhibit pages copied or the rate per page to allow ARR or this Court to evaluate the request, nor is such information self evident from the documentation attached to Plaintiff's Bill of Costs. *See e.g.*, *A.T.O. Golden Constr. Corp.*, 2019 U.S. Dist. LEXIS 66236 at *8 (allowing $0.10 per page for photocopying instead of cost requested ranging between $0.15 and $0.52 per page); *Santana v. RCSH Operations, LLC*, 2012 U.S. Dist. LEXIS 124119, *25

---

[3] Notably, the receipts attached to the Bill of Costs give no indication that the receipts are associated with this case or the trial binders. In fact, the customer identified is "Melanie Robinson" yet no explanation of Ms. Robinson's relation to this case is provided.

(S.D. Fla. Aug. 31, 2012) (finding requested $0.20 per page for photocopying excessive and reducing per page cost to $0.10); *Blanco v. Transatlantic Bank*, 2009 U.S. Dist. LEXIS 77512, *6 (S.D. Fla. Aug. 31, 2009) (finding that requested $0.25 per page for photocopying excessive and reducing per page amount to $0.10). Accordingly, Plaintiff has not satisfied his burden of proof for the $382.12 in requested photocopying fees. *See e.g.*, *Gustave v. Sbe Ent. Holdings*, 2021 U.S. Dist. LEXIS 173711, *20-21 (S.D. Fla. Sept. 10, 2021) ("[t]he party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expense were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920") (internal quotations omitted); *Piper v. Metro Solutions*, 2021 U.S. Dist. LEXIS 29945, *32-33 (M.D. Fla. Feb. 16, 2021) ("In addition to the statutory limitations, a prevailing plaintiff is only entitled to receive such costs that are specifically enumerated and adequately described for the Court's consideration. Most of the assessed costs appearing on the invoices in the Motion lack sufficient description. . . . and Plaintiffs did not offer any affidavits or other explanation to justify these costs. Accordingly, the Court is unable to examine whether the full amount of costs requested should be awarded.") (internal citations and quotations omitted).

   E.  *Mediation Fees of $997.50 Are Not Recoverable.*

   Plaintiff's request for mediation expenses in the amount of $997.50 is not included under § 1920 and as such, is not recoverable.[4] *See Gary Brown & Assocs. v. Ashdon, Inc.*, 268 Fed. Appx., 837 F.3d 837, 846 (11th Cir. 2008) (affirming denial of mediation expenses as not covered by § 1920); *Marlite, Inc. Eckenrod*, 2011 U.S. Dist. LEXIS 2268, *22 (S.D. Fla. Jan. 5, 2011) ("mediation fees . . . indisputably not awardable under section 1920").

---

[4] Plaintiff also fails to attach the invoice to support the request, in violation of Local Rule 7.3(c).

F. *$526.00 for "Interpreting" Fees are Not Recoverable.*

Although interpreter fees are recoverable under § 1920, the fees sought in the amount of $526.00 for reading deposition transcripts at trial do not qualify as such and are thus, not an allowable expense.[5] *See Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 575 (2016) ("interpreter" in § 1920 means "someone who translates orally from one language to another"). Indeed, said expense was not necessarily incurred, but rather for the obvious convenience of Plaintiff's counsel to avoid having to read the transcripts at trial. *See United States EEOC v. Favorite Farms, Inc.*, 2019 U.S. Dist. LEXIS 89821, *7 (M.D. Fla. Apr. 15, 2019) ("Compensation of interpreters may be awarded . . . so long as such interpretation services were *necessarily incurred* and utilized during the course of an official proceeding") (emphasis added) (citing *Taniguchi*, 566 U.S. 560). Accordingly, the cost is not taxable.

## IV.    CONCLUSION

For the foregoing reasons, Defendant AR Resources, Inc. respectfully requests that this Court deny Plaintiff's Motion for Award of Costs; or alternatively, reduce any award by $6,688.82 for a total award of $1,977.00.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:    */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com

---

[5] In fact, $30.00 of the requested fees are for courthouse parking which is "clearly nonrecoverable" under § 1920. *Dockworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

*Counsel for Defendant*

Dated: November 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 5, 2021, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

**MESSER STRICKLER, LTD.**

By:    */s/ Lauren M. Burnette*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
*Counsel for Defendant*

Dated: November 5, 2021

10