UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62949-CIV-SCOLA/SEITZ

FRANCISCO JAVIER PEREZ RAMONES,

           Plaintiff,

vs.

AR RESOURCES, INC.,

           Defendant.
_____/

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES AND MOTION FOR COSTS

This matter is before the Court on Plaintiff's Verified Motion seeking attorney's fees [DE 168] and Motion for Costs [DE 160].[1] Having considered the fully briefed motions and the record, for the reasons discussed below, Plaintiff's Motions are granted, in part, and denied, in part. Plaintiff is awarded $206,424.05 in attorney's fees and $5,967.17 in costs, for a total award of $212,391.22 in fees and costs.

I. <u>Background</u>

Plaintiff Francisco Javier Perez Ramones' ("Ramones") sued Defendant AR Resources, ("ARR") for incorrectly reporting medical debts on Plaintiff's credit reports pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,

---

[1] This case was and remains assigned to the Honorable Robert N. Scola. The undersigned presided over the jury trial and the post-trial motions.

("FCRA"). After a four-day trial, the jury awarded Plaintiff $80,000.00 in actual damages and $700,000.00 in punitive damages having found that the Defendant's FCRA violation was willfull. [DE 146]. Plaintiff then moved for attorney's fees and costs.[2]

II. Motion for Attorney's Fees

    A.  *Plaintiff's Attorney Fees Request*

Plaintiff's Counsel seeks $217,572.30 in attorney's fees for work performed by Attorneys David Marco, Larry Smith, Lauren Pozna, Courtney Weiner and paralegal Melanie Robison.[3] This amount reflects Plaintiff's Counsel's 10% voluntary reduction from the $241,747.00 total attorney's fees, in order to account for any excessive, duplicative, redundant or otherwise unnecessary hours [DE 168 at 15].

Defendant does not contest Plaintiff's entitlement to attorney fees as an FRCA prevailing party and does not challenge the hourly rate of Larry Smith,

---

[2] On April 8, 2022, the Court denied Defendant's Motion for Judgment as a Matter of Law or, in the alternative Motion for New Trial. [DE 176].

[3] Plaintiff requests attorney fees for work perfomed as follows:

    1.    Larry Smith, 5.8 hours at $550.00/hr;

    2.    David Marco, lead trial counsel, for 301.3 hours at $550/hr.;

    3.    Lauren Pozna, 193.7 hours at $300/hr.;

    4.    Courtney Weiner, 29.1 hours at $435/hr.

[DE 168 at 5]. Plaintiff also seeks to recover fees for paralegal Melanie Robison for 14.3 hours of work at a $145.00 hourly rate.

David Marco or Lauren Pozna.  However, Defendant does challenge attorney Courtney Weiner's hourly rate, as well as the overall number of hours billed by Plaintiff's Counsel.  Specifically, Defendant seeks the following reductions: 1) $8619.50 for work performed related to other defendants; 2) $23,611.33 for work block billed as to all defendants; 3) $10,476.50 for Attorney Courtney Weiner; and, 4) a 25% across the board cut for excessive hours billed in a "straight-forward" FRCA case.  In sum, Defendant requests that Plaintiff's attorney's fee be reduced to $131,148.72, an $86,423.58 difference than the amount requested by Plaintiff.

As discussed in detail below, Plaintiff is entitled to the bulk of the requested attorney's fees, with adjustments made for Courtney Weiner's hourly rate, and reductions for fees incurred for work performed related to Defendants TransUnion and Experian.

B. *The Lodestar Calculation*

Plaintiff, as a prevailing FCRA party, is entitled to a reasonable attorney's fee award. 15 U.S.C. §§ 1681n(a)(3).[4]  As described below, the Court has applied the "lodestar" method and considered the *Johnson* factors to determine reasonable

---

[4] The FCRA provides in relevant part,

(a) In general
Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
. . .

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

attorney's fees in this action. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988); *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).[5]

### i) Reasonable Hourly Rate

The fee applicant bears the burden of demonstrating that the rates charged are reasonable in the relevant legal community. *Norman*, 836 F.2d at 1299. However, the Court is deemed an expert on the issue of attorneys' fees and rates and "may consider its own knowledge and experience concerning reasonable and proper fees." *Id.* (citation omitted). "A reasonable rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citation omitted). The relevant market is "the place where the case is filed." *Am. Civil

---

[5] The lodestar is calculated by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services ...." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *Norman*, 836 F.2d at 1299). The lodestar figure may be reduced or enhanced based on the level of success achieved. See *Norman*, 836 F.2d at 1302.

The *Johnson* factors include:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins,* at 1350 n. 2 (citation omitted).

*Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (internal quotation marks and citation omitted).

In consumer litigation actions in this district, based on their relevant experience, attorneys have received awards between $400.00 and $600.00 an hour. See, e.g., *Gonzalez v. Dynamic Recovery Solutions*, LLC, Nos. 14-24502, 14-20933, 2015 WL 738329, at *4 (S.D. Fla. Feb. 23, 2015) (Bloom, J.) (finding that an hourly rate of $400 to be reasonable in an FDCPA case); *Fresco v. Auto. Dirs.*, No. 03-61063, 2009 WL 9054828, at *7-8 (S.D. Fla. Jan. 20, 2009) (Martinez, J.) (rates ranging from $400 for associates to $600 for a senior partner were reasonable in a fee-shifting case under the Driver's Privacy Protection Act).

### David Marco, Larry Smith & Lauren Pozna

Plaintiff seeks a $550.00 hourly rate for David Marco and Larry Smith, and a $300.00 hourly rate for Lauren Pozna. Plaintiff submitted declarations or affidavits from each attorney in support of the requested hourly rates.[6] Defendant does not challenge those rates.

---

[6] According to his Declaration, David Marco, who was lead trial counsel in this matter, is a founding partner at SmithMarco law firm. He is admitted to the Illinois and Florida Bars and is a litigator with over twenty years of experience. He is a member in good standing in District Courts in Illinois, Michigan, Missouri, Nebraska, Oklahoma, Arkansas, Florida, and Wisconsin. He is also admitted to the Sixth, Seventh, Eighth and Eleventh Circuit United States Court of Appeals [168-2 at 2-18]. Over the course of his legal career, he primarily practiced in the area of consumer protection. He is actively involved in the National Association of Consumer Advocates and is the Co-Chair for the Illinois Chapter of that organization. He has been appointed Class Counsel in several consumer-related actions, resulting in settlements as high as $9.25 million, and currently is counsel in several other class action cases. [DE 168-2 at 8].

Based on a review of Counsel's submissions, the Court's familiarity with the prevailing market rate in this District, and given Defendant's lack of opposition, the Court finds the $550.00 requested hourly rate for Mr. Marco and Mr. Smith, and the $300.00 hourly rate for Ms. Pozna to be reasonable.[7]

### Courtney Weiner

Defendant objects to Attorney Courtney Weiner's $435.00 an hour request because she is not admitted to practice in this Court and never entered a formal appearance as Plaintiff's counsel. Defendant submits that Ms. Weiner's houly rate should be reduced to $75.00, a paralegal rate. Plaintiff responds that Ms. Weiner's contract attorney services were necessary once Lauren Pozna resigned, and emphasizes that her work was limited to researching and drafting.

Defendant's objection on this issue is well-taken. Ms. Weiner is not admitted to the Southern District of Florida nor to The Florida Bar. This district's Special Rule 4(a) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, provides that only members of the bar of this Court may

---

Larry Smith's Declaration states he is a founding partner at SmithMarco law firm, and began practicing law thirty years ago. He is admitted to the Illinois Bar and nationwide to numerous federal courts [168-2 at 10-13]. He is actively involved in the National Association of Consumer Advocates and has delivered lectures on various consumer litigation issues.

Ms. Pozna's Affidavit reflects that she has been a licensed Florida attorney since 2019 [DE 168-2 at 14] and was an associate at SmithMarco, P.C.

[7] The Court finds Lauren Pozna's requested $300.00 hourly rate at the upper limit of reasonableness for this market given her limited experience. However, because Defendant expresses no objection to Ms. Pozna's requested rate, the Court awards attorney fees at that rate.

appear as attorneys before the Court, unless they are admitted *pro hac vice*. Ms. Weiner is not and never sought to be admitted *pro hac vice* to this district. Therefore, she is not entitled to be compensated as an admitted attorney in this action.

However, in *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 537 (11th Cir. 2020), the Eleventh Circuit, in evaluating a reduced EAJA attorney hourly rate for a non-admitted attorneys, held that the district court was required to determine the prevailing market rates for non-admitted attorneys based on those attorneys' training, skill, and experience. Thus, the Court considers Ms. Weiner's training and skill in determining a reasonable hourly rate.

According to her affidavit, Ms. Weiner earned her JD from Columbia Law School in 2006 [DE 168-2 at 17]. She is admitted to the District of Columbia bar, and the state bars of Maryland, Viriginia, New York, and Pennsylvania, and is admitted to practice in a numerous U.S. Courts of Appeal. She regularly represents consumers against large companies. Therefore, based on her skill, training and experience, and the services provided, Ms. Weiner will be compensated at a $200.00 hourly rate rather than the requested $435.00. The Court finds this rate to be the going market rate in this district for similar services provided by non-admitted attorneys.

<u>Paralegal Melanie Robison</u>

Defendant does not object to the $145.00 hourly rate requested for paralegal Melanie S. Robison's work.[8] Given Defendant's non-objection and Ms. Robison's Declaration, the Court finds her requested hourly paralegal rate to be reasonable.

Plaintiff will therefore be awarded attorney's fees at the following rates:

1. Larry Smith at $550.00/hr;

2. David Marco at $550/hr.;

3. Lauren Pozna at $300/hr.;

4. Courtney Weiner at $200/hr.

The Court now turns to the reasonable number of hours expended.

ii) Reasonable Number of Hours Expended

1. <u>Fees Incurred in Claims Against Other Defendants</u>

Plaintiff seeks an award of attorney fees for approximately 500 hours of legal work. Defendant contends that some of Plaintiff's requested fees are attributable solely to the claims prosecuted against Defendants TransUnion and Experian. Defendant requests a $8,619.50 deduction for time spent litigating solely against those other parties.[9] Plaintiff counters that all of the work performed related to

---

[8] According to her Declaration, in 2019, Ms. Robison obtained her paralegal certificate from Florida Gulf Coast University Paralegal Certificate Program. [DE 168-2 at 15-16]. Prior to that, she worked as a legal assistant beginning in 2001.

[9] Defendant specifically identifies twenty-eight (28) billing entries as relating to the prosecution of claims against other Defendants. [DE 174 at 4-6].

8

Experian and Trans Union was inextricably intertwined with the work performed in the prosecution of ARR.[10]

Having carefully reviewed the disputed entries, the Court finds that Defendant has the better of this argument. Many of the entries reflect work necessarily performed against a specific defendant, rather than work that would be performed in obtaining information from a non-party witness. For example, Plaintiff's review of Exeperian's initial disclosures, preparation of a settlement demand and Rule 37 letter—which relates to compelling discovery and sanctions for failing to provide discovery—all arise between parties and not witnesses.

However, there is some merit to Plaintiff's contention that similar work would have been preformed even if TransUnion and Experian were not Parties. Accordingly, the Court will apply a 50% across the board deduction to the disputed entries relating only to Experian and TransUnion, rather than the 100% reduction requested by Defendant. See, *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994) (holding that a district court need not engage in an hour-by-hour analysis where fee documentation is voluminous and an hour-by-hour review is simply impractical and

---

[10] Plaintiff, however, suggests that if the Court determines that certain work performed related to Experian and TransUnion isn't compensable, only the following entries should be deducted: Jan. 7, 2020, review Experian's corporate disclosure and appearance of counsel (.2); Mar. 31, 2020, review discovery requests from Trans Union (.3); Apr. 23, 2020, review communication from Trans Union regarding deposition of plaintiff (.6); June 18, 2020, review communication from Trans Union regarding ongoing negotiations (.4); July 1, 2020, review proposed settlement agreement with Trans Union (.9); and Sept. 25, 2020, prepare stipulation of dismissal as to Experian (.2)--for a total reduction of $1,389.50. Plaintiff explains that this amount has already been taken into consideration by virtue of Plaintiff's across the board voluntary 10% reduction. [DE 175 at 6, n.1].

a waste of judicial resources but may instead apply an across-the-board reduction so long as the court provides a clear and concise explanation for the reason for the reduction.). Accordingly, the Court will deduct $4309.75 from the final attorney's fee award.

### 2. Block Billing

Defendant contends that Plaintiff's Counsel block billed and failed to differentiate their time between Defendants, making it impossible to discern what time is attributable to each Defendant and warranting an across-the-board reduction. ARR argues that those fees should be reduced by two-thirds so as to only capture that portion of the fees that are actually attributable to ARR.

The Court has reviewed the identified "block" billing entries and concludes that a reduction of those entries is not warranted for two reasons. First, the challenged entries are not block-billed. Block-billing occurs when multiple tasks are billed in a single entry, without separately identifying the time spent on each task. *Ceres Env't Servs., Inc. v. Colonel McCrary Trucking, LLC*, 476 F. App'x 198, 203 (11th Cir. 2012). Typically, block billing inhibits a court's ability to determine whether a reasonable amount of time was spent on particular tasks. Here, almost all the entries at issue describe discrete tasks and clearly delineate the amount of time spent on each task. Thus, those entries do not cause the "imprecision" in reviewing billing records that the Eleventh Circuit cautions against. *Id*. The Court is easily able to determine if the time spent on each task was reasonable.

Second, the challenged entries consist of work that would have been performed even if ARR were the only defendant in the case. For example, several of the entries pertain to subpoena requests related to third parties, *e.g.* LendingClub, Wells Fargo Bank, N.A., that denied Plaintiff credit. Other entires pertain to issues related to Plaintiff's medical records, and general case matters. Other challenged entries pertain to work performed after the July 1, 2020, mediation wherein Plaintiff settled his claims against Trans Union and Experian [DE 36]. To the extent that some entries, reference more than one Defendant, Plaintiff's voluntary 10% across the board reduction more than compensates for that overlap.

### 3. Across the Board Reduction

Finally, Defendant argues that Plaintiff's attorney's fee award should be significantly reduced because this was a "straight forward" FCRA case, where liability was established at the summary judgment stage, [DE 174 at 1]. Defendant thus contends that Plaintiff's request should be reduced by 25% across the board due to an excessive number of hours billed [DE 174 at 17-18].

Based upon an extensive review of the record, the Court concludes that, although this is an FCRA case, it was not "straight forward." Rather, Plaintiff's Counsel expended a reasonable number of hours given: 1) the contentious nature of litigation; 2) Defendant's continued assertion of various defenses, even after the summary judgment determination; and, 3) Plaintiff's success at trial. Simply put, after a careful and thorough review of the record, the Court finds the number of hours Plaintiff's attorney's spent prosecuting this case was reasonable, and not

11

surprising given the Defendant AAR's posture throughout the litigation. Accordingly, the Court will not impose an across the board reduction on this basis.[11]

### III. Motion for Award of Costs

#### A. *Costs Available under FCRA*

The costs recoverable pursuant to FCRA are limited to those provided in 28 U.S.C. § 1920. The following costs are allowable pursuant to that statute:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;
>
> (6) Compensation of court appointed experts, interpreters, and special interpretation services.

28 U.S.C. § 1920. A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. See *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

---

[11] Plaintiff argues that it is inappropriate to take an across the board cut and a reduction in the number of hours. The Court is only making an across the board and is not taking any hour by hour reduction.

B. *Plaintiff's Motion for Award of Costs*

Plaintiff, as prevailing party, seeks $8,665.82 in costs consisting of: 1) $400.00 for fees of the Clerk; 2) $2,220.05 for service of summons and subpoena; 3) $4,140.15 for transcripts; 4) $382.12 for copies necessarily obtained for use in the case; and, 5) other costs in the amount of $1523.50 [DE 160-1 at 2]. Here, Plaintiff is the prevailing FCRA party and thus, is entitled to an award of costs.

C. *Defendant was not prejudiced by Plaintiff's tardy memorandum in support filing*

Defendant challenges the costs sought on a number of grounds. First, Defendant states that Plaintiff failed to file a memorandum in support of his bill of costs, as requed by Local Rule 7.3. Plaintiff's Counsel concedes that he misread the Local Rule and erred in failing to submit the requisite memorandum. Plaintiff submitted the memorandum with his Reply and requests that the Court accept Counsel's belatedly filed memorandum. Plaintiff contends that there is no prejudice to Defendant due to his initial omission.

Defendant has not identified any prejudice suffered by Plaintiff's error, and Defendant did not request to file a Sur-Reply in order to answer any issue raised in Plaintiff's now-filed memorandum.[12] Thus, the Court presumes that Defendant suffered no prejudice due to the tardy filing. Accordingly, the Court accepts Plaintiff's Memorandum in Support of his request for costs, and denies Defendant's request to deny Plaintiff's cost request on this basis.

---

[12] The Court expects that Plaintiff's Counsel will not repeat this failure in the future.

### D. *Plaintiff's withdrawn request for non-documented costs and mediation*

Defendant also asserts that Plaintiff failed to submit receipts for all of the costs.  In response, Plaintiff acknowledges that he did not include receipts for $985.90 for the subpoena issued to Ciox Health, and elects to withdraw his request for that sums.  Similalry, in response to Defendant's point that mediation costs are not recoverable, Plaintiff withdraws his mediation cost request in the amount of $997.50, conceding that those costs are not recoverable.   Plaintiff thus now seeks $6,682.42 in costs.

### E. *Disputed Costs*

#### i) Wells Fargo documents

Plaintiff seeks to recover $222.25 in costs incurred for Wells Fargo's preparation of documents in response to Plaintiff's subpoena.  Defendant objects to the request and contends that labor costs incurred in preparing documents in response to a subpoena are not recoverable.

The submitted Wells Fargo receipt reflects that Plaintiff was billed $189.25 for 7.57 production hours for the requested documents, and $33.00 for the electronic delivery of  those documents [DE 160-1 at 9].  Labor costs are not taxable under § 1920(4). Rather, "the fees for 'copies of papers' permitted under § 1920(4) allows recovery only for the reasonable costs of actually duplicating documents, not for the cost of gathering those documents as a prelude to duplication." *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 n.5 (5th Cir., Unit B 1982) (denying reimbursement of

paralegal expenses incurred in gathering records for copying). Accordingly, Plaintiff will not be awarded the $189.25. for labor costs incurred in producing the requested docuements.

### ii) Expedited deposition transcripts

Costs for deposition transcripts are taxable as long as the transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Such costs are not recoverable if they were "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only." *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620-21 (11th Cir.2000).

Defendant challenges Plaintiff's request to recover expedited deposition transcripts costs, contending that costs of expedited transcripts incurred solely for the convenience of counsel are not taxable. Plaintiff responds that the expedited deposition transcripts were necessary because Defendant failed to respond to Plaintiff's multiple correspondence regarding the depositions until the eve of the depositions, and then ultimately refused to produce those witnesses. Defendant replies that Plaintiff could have deposed the witnesses earlier and that, despite ARR's initial refusal to produce the witnesses, Plaintiff waited a month to move to compel those witnesses' deposition, which put the deposition dates close to the close of discovery.

After a thorough review of the Parties' submissions and the record, the Court concludes that Plaintiff's expedited deposition transcript costs were caused by the

Defendant's contentious and aggressive litigation tactics.[13] Ultimately, Defendant produced the witnesses for deposition but only a few weeks before the discovery deadline. Accordingly, Plaintiff is entitled to recover those costs as they were necessarily obtained for use in the case, as opposed to mere counsel's convenience.

### iii) Deposition readers at trial

Defendant objects to Plaintiff's request for "interpreter fees" pursuant to 1920, Plaintiff admits that the $526.00 sought for interpreting fees, are actually costs incurred because the Plaintiff had to have a witness stand in for the deponents who did not attend trial. The Supreme Court has made clear that ". . .compensation of interpreters is limited to the cost of oral translation . . ." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 562, 573 (2012). Here, no costs were incurred for translation, rather the witnesses' depostions were taken and read in Engligh. Thus, these costs are not for "interprters." Indeed, Plaintiff's Counsel simply could have used an employee to read the transcripts and did not need to hire someone for this task. Plaintiff is therefore not entitled to recoup these costs.

### IV. CONCLUSION

Accordingly, based on the foregoing, it **ORDERED** that:

1. Plaintiff's Motion for Attorney's Fee [DE 168] is **GRANTED**, in part. Plaintiff is awarded attorney's fees at the following hourly rates:

> Larry Smith at $550.00/hr;

---

[13] Defendant's argument on this issue once again illustrates the disingenuous "nit-picking" that has resulted in Plaintiff's hefty attoreny's fee request about which Defendant complains.

       David Marco at $550/hr.;

       Lauren Pozna at $300/hr.;

       Courtney Weiner at $200/hr;

       Melanie Robison at $145.00/hr.

In addition, the Court shall apply a 50% reduction on fees solely incurred for Experian and TransUnion equaling $4309.75, and a $6838.50 reduction for Courtney Weiner's fees, for a total Attorney Fee award of $206,424.05.

2. Plaintiff's Motion for an Award of Costs [DE 160] is **GRANTED**, in part. Plaintiff is awarded costs in the amount of $5,967.17.

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2022.

_____
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

Copies furnished to Counsel